### EZEKIEL S. JOHNSON *vs.* PATRICK COLLINS.

Suffolk.   Nov. 14. — Dec. 9, 1874.   WELLS & DEVENS, JJ., absent.

An attachment made more than four months before proceedings in bankruptcy under the U. S. St. of 1867, c. 176, is not dissolved thereby; and the attaching creditor of the bankrupt may have a special judgment against the property attached.

In an action for a breach of the covenant in a deed against incumbrances, the grantee may pay off the incumbrance after suit brought and recover this amount as damages.

A. conveyed land to B. by a deed containing a covenant against incumbrances. The land was then subject to an attachment in favor of C. B. brought an action on the covenant against A. and attached his property. A., more than four months afterwards, was adjudged a bankrupt under the U. S. St. of 1867, *c.* 176, and obtained a discharge. After this, B. paid off the attachment in favor of C. *Held,* that B. was entitled to recover the amount so paid, and to have a special judgment therefor against the property attached in his action against A.

CONTRACT for breach of warranty against incumbrances contained in a deed of land from the defendant to the plaintiff, dated July 11, 1870. Writ dated November 4, 1870.

At the trial in the Superior Court, before *Pitman,* J., it appeared that the defendant was adjudicated a bankrupt September 2, 1872, and obtained a discharge on May 5, 1873. The plaintiff sought to obtain a special judgment against certain property of the defendant attached more than four months before the filing of the petition in bankruptcy.

There was evidence that the land conveyed was, at the time of the delivery of the deed, subject to taxes for the year 1870, and that the plaintiff paid the taxes on July 10, 1871. This debt was not offered for proof in the bankruptcy proceedings.

The plaintiff also put in evidence tending to show, that at the time of the delivery of the deed there was an attachment on the premises in favor of one Nolan against this defendant; and that on June 14, 1873, he paid the execution issuing on said attachment. The evidence of this payment was objected to by the defendant, but was admitted.

The defendant asked the judge to rule that the plaintiff could not maintain his action, except for the item of taxes paid; the judge declined so to rule, and instructed the jury that the plaintiff was entitled to recover the amount of both items, as the measure of his damages for the breach of covenant against incumbrances, on a special judgment, to be satisfied from the property attached. To this ruling, and refusal to rule, the defendant alleged exceptions.

*T. Weston, Jr.,* for the defendant.

*B. E. Perry & S. W. Creech, Jr.,* for the plaintiff.

MORTON, J. The plaintiff's attachment, having been made more than four months before the commencement by the defend-

ant of proceedings in bankruptcy, was not dissolved thereby. The lien created by it remains a continuing security for any judgment which the plaintiff may obtain in the suit in which it was made. It has been repeatedly decided that, in such a case, the court in which the suit is pending should render a qualified judgment, to be enforced only against the property attached, and not against other property or the person of the defendant. *Bates* v. *Tappan*, 99 Mass. 376. *Bosworth* v. *Pomeroy*, 112 Mass. *Stockwell* v. *Silloway*, 113 Mass.

The rules of law, by which the amount for which the plaintiff is entitled to judgment is determined, are not affected by the bankruptcy of the defendant. In an action to recover damages for a breach of the covenant in a deed against incumbrances, where the incumbrance is one which can be removed by the grantee, he may recover the amount fairly and justly paid by him for the removal of such incumbrance, not exceeding the value of the estate, although he pays it after the action is commenced. *Leffingwell* v. *Elliott*, 10 Pick. 204. *Brooks* v. *Moody*, 20 Pick. 474. *Norton* v. *Babcock*, 2 Met. 510. In the case at bar there were two incumbrances, the taxes assessed for the year 1870, and an attachment in favor of one Nolan, both of which the plaintiff removed by paying them, in good faith, before the trial, but after the commencement of the suit.

Upon the principles stated above, the Superior Court correctly ruled that the plaintiff was entitled to recover the amount of both items thus paid, as the measure of his damages for the breach of the covenant against incumbrances, and that a special judgment therefor should be entered to be enforced against the property attached.                    *Exceptions overruled.*