## CHEEVER v. MINTON ET AL.

1. PURCHASING REALTY PENDENTE LITE — ADVERSE INTERESTS — FINAL DECREE — STATUTES. — A purchaser of realty *pendente lite* takes subject to any interest adverse to that of his grantor ultimately recognized in the pending litigation.
2. But after final decree, whether on the merits or of dismissal, and before proceedings on error, no appeal having been taken, no suit is pending. And a purchaser in good faith during such period is not affected by the subsequent reversal of a voidable decree on error.
3. By statute the *status* of purchasers prior to final judgment is now regulated.

*Appeal from District Court of Arapahoe County.*

THIS action is in the nature of ejectment. It was brought by Charles G. Cheever against Joseph A. and Mary A. Minton to recover the possession of certain real property in the city of Denver. The verdict and judgment were in favor of defendants, and the present appeal was taken to review this judgment.

Mrs. Minton purchased at private sale in 1871, relying upon a certain final decree in chancery entered during the previous year, from which an appeal had been prayed, but never perfected. Subsequent to such purchase this decree was taken by writ of error to the supreme court of the territory, and there reversed. The judgment of reversal was afterwards affirmed by the supreme court of the United States. Mrs. Minton in the meantime entered into possession of the property under her deed, and made valuable improvements thereon.

In view of the doctrine announced by the opinion, no further facts need be stated.

Messrs. MARKHAM & DILLON, for appellant.

Messrs. BROWNE & PUTNAM, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

The present appeal may, in our judgment, be determined by the discussion of a single abstract question of law, viz.: Is the title of a purchaser in good faith, which rests in whole or in part upon a voidable decree in chancery, the purchase being made after the entry thereof and before a writ of error thereto is sued out, affected by a subsequent reversal of the decree on error?

The rule is well established that, in the absence of statute, a purchaser of realty *pendente lite*, whether the action be at law or in equity, takes subject to any title or interest adverse to that of his grantor, ultimately recognized in the pending litigation. Freem. Judgm. §§ 191, 192, 193; 1 Story, Eq. Jur. § 405; Wade, Notice, §§ 339, 340.

But confusion exists in the application of this general rule, owing to the fact that courts occasionally differ in determining whether or not a suit is actually pending at a given time. Thus, the supreme court of Kentucky, in passing upon the precise question now under consideration, holds that since the right to a writ of error exists by virtue of the statute, and the purchaser must be presumed to know the law, he takes subject to every possible effect which proceedings on error may have upon the title of his grantor. It is said that the statute which allows a certain time for suing out writs of error becomes a part of the decree itself, and thus qualifies or limits the title of those purchasing at private sale thereunder. *Clarey v. Marshall's Heirs*, 4 Dana, 95; *Debell v. Foxworthy*, 9 B. Mon. 228; *Earle v. Couch*, 3 Metc. (Ky.) 450.

On the other hand, courts of no less dignity assert that the final decree, where no appeal is taken therefrom, is a final determination of the particular suit. Also that subsequent proceedings by writ of error constitute a wholly new and independent action. Therefore they say, as we think correctly, that during the interval between final judgment and proceedings on error there is no suit pending, and a purchaser does not take title *pendente lite.* Hence, to such a purchaser, if his purchase be otherwise *bona fide*, the subsequent reversal or affirmance of the decree or judgment is a matter of no consequence. *Lessee of Taylor v. Boyd*, 3 Ohio, 337; *McCormick v. McClure*, 6 Blackf. 466; *Barlow v. Standford*, 82 Ill. 298; *Wadhams v. Gay*, 73 Ill. 415, and cases cited; *Eldridge v. Walker*, 80 Ill. 270; *Heirs of Ludlow v. Kidd*, 3 Ohio, 541.

The three decisions last above mentioned were rendered in causes where the decrees relied upon dismissed the respective bills and adjudged the costs against complainants. Some writers undertake to distinguish between cases of this kind and cases where the action, whether at law or in equity, is tried on its merits, and a final decree or judgment is entered in favor of plaintiff, from whom the title in controversy is obtained by private purchase. It cannot be denied that plausible reasons are advanced in support of this distinction; but, in our judgment, the sounder view is otherwise. The distinction is inconsistent with the conclusion adhered to in this and other states, that the writ of error constitutes a new and independent suit. Moreover, the judgment or decree in one instance is as final and complete as in the other, and the writ of error lies to review each alike. Under these circumstances, it is certainly illogical to say that if the action be dismissed the suit is no longer pending, though a writ of error subsequently issue; while, if judgment be entered on the merits, and afterwards the cause is reviewed upon error, an intermediate purchase is *pendente lite.*

Nor is the foregoing distinction, so far as we can discover, expressly made in any of the decisions we have cited. The cases in 82 Ill. 6 Blackf. and 3 Ohio, 337, were decided with reference to adjudications on the merits, and not dismissals; and in the three remaining opinions the matter is passed by unnoticed.

The successful party ought not to have his title clouded, and the value of his property correspondingly diminished, for three years by the two doubtful contingencies: *First*, that a writ of error will be sued out; and *second*, that a reversal or modification of the judgment will take place, should his opponent finally elect to bring such an action. It is no great hardship upon the losing party to say that he should speedily take steps to reverse the judgment if he intend to do so at all; and it is much more in consonance with equity to hold that, if the judgment be not at once removed to the court of review, either by appeal or by error, such party will not be heard to complain if he loses the benefits of the review through the intervention of a *bona fide* purchase.

In so far as private purchasers prior to final judgment are concerned, the hardships produced by the common-law rule are now done away with. For several years past we have had a legislative provision which authorizes the filing with the clerk and recorder of a notice stating that a suit is pending involving title to the realty specified. The statute further provides that "from the time of filing such notice only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby." Sess. Laws 1887, p. 106, § 36. The specific question under consideration, however, is not affected by this statute; for the constructive notice to a purchaser or incumbrancer given by filing the statutory statement can only be good while the suit referred to is pending, and whether or not, during the specified period allowed by statute for

suing out a writ of error, the suit shall be treated as pending, is a question still left for the courts to answer.

The judgment of the district court is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having tried the cause below, did not participate in this decision.