### PIPE v. JORDAN ET AL.

1. LIS PENDENS.

The record of a *lis pendens* operates as notice only during the pendency of the action. A purchaser after dismissal of the action "without prejudice," and before reinstatement of the suit or institution of a similar action, is not charged with notice by such record.

2. SAME.

The benefit of a *lis pendens* will be lost by an unreasonable delay in the prosecution of the cause, or in reviving the action after dismissal.

*Appeal from the District Court of Arapahoe County.*

Messrs. TELLER, ORAHOOD & MORGAN, for appellant.

Messrs. THOMAS, HARTZELL, BRYANT & LEE, for appellees.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is an action brought by Helen B. Pipe against Mary Jordan and Lafayette A. Melburn to recover possession of

lots Nos. 18, 19 and 20, in block 145, Clement's addition to the city of Denver, Arapahoe county, Colorado. The complaint is an ordinary one in ejectment, alleging ownership in fee simple in plaintiff, the right to possession and ouster by defendants. The defendants answer by general denial, and as an affirmative defense allege that the defendant Melburn is the owner in fee of the premises, and that Mary Jordan is in possession as his tenant. Both plaintiff and defendants claim title through Orson Brooks, deceased, who was formerly seized in fee simple of the premises, the plaintiff's claim being that Orson Brooks died seized of the property in question and that she is his daughter and sole heir. The defendants claim, first, that during his lifetime Brooks conveyed the premises in question by warranty deed to Netta C. Weir; that by various mesne conveyances this title was vested in the defendant Melburn. Second, that by will he demised all his estate, including these lots, to his wife, Nancy Brooks; that this will was duly probated in the probate courts of Los Angeles county, California, and Arapahoe county, Colorado; that by divers mesne conveyances the title of Nancy Brooks became vested in the defendant Melburn. The plaintiff contends that the probate courts aforesaid were without jurisdiction and that the will was never legally probated. Third, that the deed from Orson Brooks to Netta C. Weir, although in form an absolute warranty deed, was in fact only a mortgage. The facts, as they appear from the pleadings and evidence, are substantially as follows:

Helen B. Pipe, the plaintiff, is the daughter of Orson Brooks, deceased. For some time prior to his death, which occurred on the 20th day of August, 1886, he resided in Los Angeles county, California. On the 30th day of July, 1885, he made his will, by which he gave and bequeathed all of his estate, real and personal, to his wife, Nancy Brooks. This will was admitted to probate in Los Angeles county, California, and upon a certified copy of the proceedings in that matter, the will was admitted to probate in Arapahoe county, Colorado. The plaintiff attacks the regularity of

these proceedings, but since we think the case must be determined in favor of the defendants, without regard to the title deraigned through Nancy Brooks, it is unnecessary to further consider this branch of the controversy.

On June 14, 1886, Orson Brooks, by what purports to be a warranty deed, for the expressed consideration of $9,000, conveyed the title to the lots in question to Netta C. Weir. This deed was recorded in Arapahoe county on the 28th day of August, 1886.

On April 16, 1887, Sanford C. Hinsdale, as the duly authorized attorney in fact of Netta C. Weir, conveyed the property by warranty deed to Henry C. Brooks, for the consideration of $11,000. On March 7, 1888, Henry C. Brooks conveyed the property by warranty deed to Emma L. Arkins for $14,000. On February 23, 1889, Emma L. Arkins, for the consideration of $20,000, conveyed the property to Lafayette A. Melburn.

It appears by the oral testimony that some time prior to the purchase of the property by Henry C. Brooks (who is in no way related to the Orson Brooks family), the plaintiff, Helen B. Pipe, had instituted an action in the district court of Arapahoe county for the purpose of having the deed from Orson Brooks to Netta C. Weir declared a mortgage, and that a *lis pendens* in connection therewith had been recorded. Hinsdale testifies that pending the negotiations with Henry C. Brooks he informed him that there was a cloud upon the title. On June 12, 1887, this suit was dismissed, " without prejudice to the right of plaintiff to bring a new action in this behalf." It is contended by counsel for appellant that the grantees in the foregoing deeds had actual and constructive notice that the conveyance by Orson Brooks to Netta C. Weir was in fact a mortgage. But it does not appear from the evidence that Mrs. Arkins or the defendant Melburn had any notice, except such as was furnished by the recorded *lis pendens;* and what that disclosed we are not advised, since it does not appear in the record. We think, therefore, that this contention of counsel is untenable. We are at a loss to

perceive wherein the mere filing of the *lis pendens* of record is of any importance in this case. The office it had to perform was to give constructive notice of the former suit to all purchasers *pendente lite*, and thereby bind them by any decree that might be rendered therein. In other words, its purpose was to prevent any alienation of the subject-matter in litigation, pending the action, that could prejudice the plaintiff's rights, or impair or defeat any interest she should establish as against the defendants in the suit, and does not constitute such notice of plaintiff's equity as would affect the conscience of a purchaser. The former suit, therefore, having been dismissed and no final decree rendered therein, and the present suit being in no sense a revival or continuation of the former one, there can be no application of the doctrine of *lis pendens*, or of the rule that a *lis pendens* is preserved in cases reinstated within a reasonable time after dismissal without prejudice. But even if, by any process of reasoning, the present ejectment suit against the present defendants could be held to be a restoration or reinstatement of the former suit, wherein equitable relief only was sought against different defendants, we still think that, under the circumstances, and by the most liberal application of that rule, the *lis pendens* cannot be preserved as against these defendants.

The rule announced in some of the adjudicated cases is that if a suit be discontinued or dismissed for any cause not on the merits, although a new action can be brought, a purchaser during the pendency of the former suit would not be affected thereby (*Herrington v. McCollum,* 73 Ill. 476; *Watson v. Wilson,* 2 Dana, 406; *Herrington v. Herrington,* 27 Mo. 560), and especially one who purchases after the dismissal and before the revival of the action. *Herrington v. McCollum, supra; Heirs of Ludlow v. Kidd,* 3 Ohio, 541.

All the authorities agree that by unreasonable delay in the prosecution of a cause, or in reviving an action after dismissal, the benefit of a *lis pendens* will be lost. Among them, see *Hayes v. Nourse,* 114 N. Y. 595; *Trimble v. Boothby,* 14

Ohio, 109; *Shively v. Jones*, 6 B. Monroe, 274; *Bybee v. Summers*, 4 Ore. 354; *Hammond v. Paxton*, 58 Mich. 393; *Durand v. Lord*, 115 Ill. 610.

Under the rule announced in these cases, even if the present action, as before said, can be considered a revival of the original suit, the delay of plaintiff from the time of dismissal of the former action until the commencement of the present one—April 25, 1890—would prevent her from enforcing the principle of *lis pendens*, especially against the defendant Melburn, who became a purchaser intervening the dismissal of the former and the commencement of the present suit.

The decision in *Cheever v. Minton*, 12 Colo. 557, is in analogy with this view. It was there held that a purchaser after a decree, whether on the merits or of dismissal, and before proceedings in error or on appeal, is not a purchaser *pendente lite*. The equitable considerations that controlled the decision in that case are equally applicable to the facts of this case. After instituting a proper action to determine the character of the deed in question, and procuring its dismissal, the plaintiff saw fit to allow the proceeding to rest until purchasers for value acquired the apparent title to the property, under an implied acquiescence on her part. Under these circumstances she is estopped from asserting the rule *lis pendens* against such purchasers. But another, and we think a conclusive, answer to plaintiff's case is that the present action in ejectment is not a reinstatement or renewal of the former suit in equity, but is a new and independent action at law, and one which, aside from all other considerations, cannot be maintained by plaintiff, for the reason that the legal title to the lots in question is admitted to be in defendant Melburn.

Under either of these views, the judgment of the court below is correct, and must be affirmed.

*Affirmed.*