## No. 9844.

### STRONG, ET AL. *v*. THE TEXAS COMPANY.

Decided January 9, 1922.

Action by judgment creditor to set aside alleged fraudulent conveyance of real property from husband to wife. Judgment for plaintiff.

*Affirmed.*

1. ACTIONS—*Fraudulent Conveyances—Parties.* In an action by a judgment creditor to set aside an alleged fraudulent conveyance, if the debtor has parted with the title absolutely, he is a proper, but not a necessary party, and if he dies, his administrator is a proper, but not a necessary party.

2.  PLEADING—*Denial for Want of Knowledge.* The denial of an allegation for want of knowledge of a matter of record which is easily accessible to defendant, is not good.

3.  FRAUD—*Fraudulent Conveyance.* Deed by husband to wife, held under the circumstances of the case under consideration to be invalid, as against the lien of a judgment creditor of the husband.

*Error to the District Court of Arapahoe County, Hon. Samuel W. Johnson, Judge.*

Mr. J. W. KELLEY, for plaintiffs in error.

Messrs. YEAMAN, GOVE &. HUFFMAN, Mr. SHERMAN H. SUTLIFF, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error (hereinafter referred to as plaintiff) having obtained a judgment against Charles F. Strong, brought this action to set aside as fraudulent certain transfers of real property made by defendant Charles F. Strong to the other defendants, his wife and children. To review a judgment entered against them in that case said defendants bring error.

October 4, 1919, after the cause was at issue below, Charles F. Strong died and, this fact being made to appear at the beginning of the trial on November 6, 1919, the cause was dismissed as to him. Counsel for defendants thereupon moved the substitution of his executor or administrator. The motion was denied.

Defendants contend: 1. That a representative of the decedent was a necessary party; 2. that there was a failure of proof of plaintiff's lien; 3. that there was a failure of proof of insolvency; 4. that the transfer preceded the indebtedness.

BURKE, J., after stating the facts as above.

1. Admitting that plaintiff, having procured its judgment against Charles F. Strong, could first sell his interest

in the property in question and thereafter bring its action to set aside the alleged fraudulent transfers, or could first bring the action to set aside said transfers and follow that judgment with levy and sale, and admitting also that if the former course had been followed the personal representative of decedent would not be a necessary party, counsel for defendants maintain that where the latter course is followed the substitution is essential.

There is some confusion and uncertainty among the authorities on this subject but we think the correct rule is not difficult to distinguish and a critical analysis of apparently conflicting cases need not here be undertaken.

"The best reasoning of the authorities seems to establish the rule that the debtor's presence as a defendant is superfluous in suits brought against fraudulent alienees to annul specific covinous conveyances. * * * The practitioner must be careful to distinguish between an action instituted to reach specific property fraudulently alienated, and a suit brought to discover equitable interests which are not subject to execution, and the title to which is in the debtor. In the latter case the debtor must of necessity be a defendant." Wait on Fraudulent Conveyances and Creditors' Bills. (3rd Ed.) sec. 129.

"If he (the debtor) has parted with the title absolutely he is a proper party, * * *. But he is not a necessary party, * * *. If the debtor dies, his administrator is a proper but not a necessary party." Bump on Fraudulent Conveyances. (4th Ed.) sec. 556.

The rule thus announced has been specifically adopted in this jurisdiction. *Homestead Min. Co. v. Reynolds,* 30 Colo. 330, 70 Pac. 422.

It thus appears that whether the debtor or his representative be a necessary party depends upon the nature of the action and not upon its sequence. This distinction holds generally throughout the authorities. The reason here urged is that if the suit be successful the title revests in the grantor, and he, or his representative, will be interested to the extent of any surplus remaining after the

satisfaction of plaintiff's judgment. If the decedent had by his conveyances retained any interest in the property in question (which he did not) this argument would be supported by sound reason, but having parted with the whole title in fraud of his creditors they are bound to take no notice of any secret arrangement he may have had with his grantees. If there be such a surplus they are obliged to account to no one but the record holders of the title. The conveyances are set aside as against fraudulent grantees only in so far as it may be necessary to satisfy the creditor's claim.

2. Counsel for defendants contends that the transcript of record of the judgment in question disclosed only the name of "Strong," who may have been D. H. M. Strong and not the decedent, his father and joint debtor, and that the date of the filing thereof does not appear. The record does disclose that this judgment was against *Charles F. Strong.* It further appears that the judgment bore date of December 5, 1918, and the complaint which was filed February 1, 1919, alleges that the transcript had been *then* filed in the office of the County Clerk and Recorder. The only denial of that allegation is for want of knowledge, and, being a matter of record easily accessible to defendants, such denial is not good.

3. The insolvency of the debtor was properly alleged, was found by the court, and, we think, is amply supported by the proof.

4. The note which was the basis of plaintiff's judgment was given by Charles F. Strong in payment of the debt of his son, David H. Moffat Strong, defendant and fraudulent grantee. It bore date of August, 1916. The deeds sought to be vacated were dated in July, 1914, and recorded in 1918, and the descriptions had been altered just prior to record. They were therefore, under the circumstances of this case, invalid as against the lien of plaintiff's judgment. Sec. 836, M. A. S. (Rev. Ed.) ; *Smith v. Smith,* 24 Colo. 527, 52 Pac. 790, 65 Am. St. Rep. 251.

Finding no reversible error in this record the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE ALLEN and MR. JUSTICE BAILEY not participating.