Daniel J. MADDALONE,
Plaintiff–Appellant,

v.

Douglas L. WILSON and Bedrishah
Wilson, Defendants–Appellees.

No. 87CA0104.

Colorado Court of Appeals,
Div. IV.

Oct. 20, 1988.

David C. Johnston, Paonia, for plaintiff-appellant.

Cliggett and Cliggett, Charles F. Cliggett, Gunnison, for defendants-appellees.

NEY, Judge.

Plaintiff, Daniel J. Maddalone, appeals from the judgment of the district court quieting defendants' title to certain ranch property in Gunnison County. We affirm.

Defendants, Douglas and Bedrishah Wilson, levied on a judgment debtor's interest in a ranch in Gunnison County and obtained a sheriff's deed to their debtor's interest in March 1983. Plaintiff's claimed interest in this property dates from a 1973 option contract. When exercise of the option was due, plaintiff was involved in dissolution of marriage proceedings in Pitkin County. Because of the pending dissolution proceedings, plaintiff allowed two other people, one of whom was defendants' judgment debtor, to obtain title to the ranch.

Defendants did not do a complete title search before levying on the property. If they had, they would have discovered that in 1978, during plaintiff's dissolution action, his then wife had filed and recorded a lis pendens against the Gunnison County ranch. Plaintiff's dissolution action was

concluded in June 1980 by a stipulated judgment which noted plaintiff's equitable interest in the ranch. However, no release of the lis pendens was filed in Gunnison County.

The sole question on appeal is whether defendants had constructive notice of plaintiff's claimed equitable interest in the ranch by virtue of the lis pendens. We conclude that, under the circumstances at issue, the lis pendens did not provide constructive notice to defendants.

The resolution of this issue turns on the interpretation of C.R.C.P. 105(f). At the time the lis pendens here was recorded, that rule provided in pertinent part:

"A notice of lis pendens filed as provided by law shall remain in effect for thirty days from the time of entry of final judgment in the trial court."

The rule at that time also provided that the lis pendens had to be refiled to constitute notice of an appeal. It is undisputed that the lis pendens here was no longer "in effect" under the terms of this rule when defendants levied on the property. Thus, we must determine whether a lis pendens which is no longer "in effect" under C.R.C.P. 105(f) nevertheless provides constructive notice of the terms of the judgment terminating the underlying lawsuit. We conclude it does not.

The doctrine of lis pendens is founded upon the policy that decrees or judgments affecting rights in real property should not be undermined by a transfer during the course of the litigation of interests in the subject property to persons not bound by the outcome of the suit. *Hammersley v. District Court,* 199 Colo. 442, 610 P.2d 94 (1980). The purpose of recording a lis pendens is to give notice of the pendency of an action concerning real property to persons who may subsequently seek to acquire rights in that property. *King v. W.R. Hall Transportation & Storage Co.,* 641 P.2d 916 (Colo.1982).

Under the former Code of Civil Procedure, the constructive notice given by the statutory statement of lis pendens to a purchaser or encumbrancer was effective only while the suit was pending. *See*

*Cheever v. Minton,* 12 Colo. 557, 21 P. 710 (1889); *see also Pipe v. Jordan,* 22 Colo. 392, 45 P. 371 (1896). After dismissal of a suit in which a notice of lis pendens was filed, constructive notice ceased to exist. *Sterling National Bank v. Fischer,* 75 Colo. 371, 226 P. 146 (1924).

The modern provision found in C.R.C.P. 105(f) is designed to give a party to a lawsuit sufficient time either to file a notice of appeal or to record a transcript of judgment in the county in which the affected land is situated. However, we find no indication that the new rule was intended to extend the constructive notice provided by a lis pendens beyond the thirty-day period. If the mere existence of the recorded lis pendens was sufficient to provide constructive notice of the terms of the judgment concluding the litigation, the provisions of C.R.C.P. 105(f) concerning the effect of a lis pendens would be rendered meaningless.

Our construction of C.R.C.P. 105(f) is bolstered by consideration of analogous statutes dealing with limitations on liens. Section 38–40–101, C.R.S. (1982 Repl.Vol. 16A) provides that when a mortgage, trust deed, or other instrument securing an indebtedness ceases to be a lien under the terms of that statute, the record of such lien shall cease to be notice and shall have no more effect than an unrecorded instrument. Section 38–40–104, C.R.S. (1982 Repl.Vol. 16A) provides that no release or other instrument in writing shall be necessary to discharge the lien of any mortgage, trust deed, or other instrument which has expired or ceased to be a lien as provided in §§ 38–40–101 and 38–40–102, C.R.S. (1982 Repl.Vol. 16A).

We hold that the lis pendens here at issue automatically expired 30 days after plaintiff's dissolution action was terminated. We conclude that the expired lis pendens did not provide constructive notice of plaintiff's claimed equitable interest in the ranch property. Consequently, because plaintiff failed to protect himself by recording a transcript of judgment in Gunnison County, or by bringing suit against the

putative owner of the property, defendants took the property free of plaintiff's interest.

THE JUDGMENT IS AFFIRMED.

BABCOCK and PLANK, JJ., concur.