**PERRY PARK COUNTRY CLUB, INC.,**
**Plaintiff-Appellant,**

v.

**The MANHATTAN SAVINGS BANK,**
**Defendant-Appellee.**

No. 90CA523.

Colorado Court of Appeals,
Div. II.

June 6, 1991.

and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).

The Law Offices of Richard K. Rufner, Richard K. Rufner, Kitrina J. Anderson, Englewood, for plaintiff-appellant.

Karsh & Fulton, P.C., Seymour Joseph, Denver, for defendant-appellee.

Opinion by Judge SMITH.

Plaintiff, Perry Park Country Club, Inc. (Perry Park), appeals the summary judgment granted in favor of defendant, the Manhattan Savings Bank (Manhattan), on its claim of title to property collectively known as the Stables Property. We affirm.

This appeal arises out of the parties' conflicting claims of priority interest in the Stables Property. The facts are not in dispute.

In 1979, Perry Park commenced an action in district court seeking to have its claimed interest in the Stables Property judicially determined. Perry Park alleged ownership of the property by way of trust. In connection with the commencement of its action in district court, Perry Park filed a lis pendens in the office of the county clerk and recorder identifying the property, parties, and claims involved in the 1979 lawsuit. See C.R.C.P. 105(f); § 38–35–110, C.R.S. (1986 Repl.Vol. 16B).

In December 1980, the district court issued its decree determining that no trust had been created relative to the Stables Property and ordering that judgment be entered against Perry Park on its claims. Perry Park filed several post-decree motions in response. ,

In February 1981, while the post-decree motions were still pending, Manhattan was named beneficiary of a deed of trust executed by a party defendant in the 1979 lawsuit. This trust deed was recorded in March of 1981.

In March 1982, Perry Park's post-decree motions were denied and Perry Park filed a timely appeal in this court pursuant to C.A.R. 4.

On April 15, 1983, while that appeal was pending, Perry Park and the defendants in the 1979 lawsuit allegedly entered into a settlement agreement purporting to resolve all issues involved in that case. Perry Park asserts that this agreement expressly required the defendants in the 1979 lawsuit to convey ownership and title of the Stables Property to Perry Park. This purport-

ed agreement was never presented to either the trial court or this court.

This court dismissed Perry Park's appeal in May 1983 after it failed to file an opening brief or to respond to an order directing that it show cause for that failure to file. A mandate of dismissal was subsequently issued on June 15, 1983, and was received by the trial court on June 16. *See* C.A.R. 41.

On June 20, 1983, a "Stipulation and Order," signed by the attorneys for Perry Park and the principal defendants in the 1979 lawsuit, was filed with the clerk of the court, stating that the parties had entered into a settlement agreement on April 15, 1983, and had agreed to a dismissal with prejudice of all claims against each other. Nearly a year later, on May 9, 1984, the clerk of the trial court executed a "Certificate of Dismissal of Action," stating that "proceedings were had in said Court on the 20th of June, A.D.1983, that the said above stated action was, by order of said Court duly entered of record therein, dismissed at the costs of the said parties."

Thereafter, near the end of May 1984, a quitclaim deed vesting title to the Stables Property in Perry Park was executed by the principal defendant in the 1979 lawsuit. The deed and the alleged settlement agreement were recorded several days later.

Perry Park filed the present lawsuit in August 1989, asserting that its 1984 record interest in the Stables Property was superior to Manhattan's 1981 record interest. Perry Park argued that under the lis pendens filed in 1979, its 1984 deed "related back" to commencement of the 1979 lawsuit.

The trial court held, in essence, however, that Manhattan's interest was superior to any interest created by the 1984 conveyance to Perry Park because the final disposition of the 1979 lawsuit rejected all of Perry Park's claims. It, therefore, granted summary judgment in favor of Manhattan.

We agree with the trial court's conclusion.

I.

Perry Park argues that Manhattan's interest in the Stables Property was subject to the April 1983 settlement agreement and the subsequent deed in 1984 purporting to convey title to this property to Perry Park. In making this argument, Perry Park relies upon the fact that Manhattan acquired its interest "lis pendens."

■ Under the doctrine of lis pendens, one who acquires an interest in property, the title to which is in dispute and the object of litigation, takes his interest subject to any adverse interest finally determined in such litigation. *Hammersley v. District Court*, 199 Colo. 442, 610 P.2d 94 (1980).

■ The purpose and effect of filing a lis pendens is to give notice to all who may acquire an interest in the property during the pendency of the litigation that they will be bound by its outcome in order that judgments affecting rights in real property are not undermined by transfers during the course of litigation. *Maddalone v. Wilson*, 764 P.2d 403 (Colo.App.1988). Thus, a lis pendens, filed and recorded in the office of the county clerk and recorder provides that notice and triggers operation of the doctrine. *Hammersley v. District Court, supra.*

■ Under the circumstances here, we agree with Perry Park that Manhattan did, indeed, acquire its interest in the Stables Property "lis pendens." The record reveals that Perry Park duly filed and recorded its lis pendens in 1979. The language of the lis pendens gave adequate notice that Perry Park had commenced a lawsuit in district court and claimed fee title to the Stables Property. The record further discloses that Perry Park's post-decree motions, filed after the trial court's final judgment, were not ruled upon until March 1982 even though the trial court had already entered a final judgment in 1980 which was adverse to Perry Park. Hence, the 1979 lawsuit, to which the lis pendens applied, was still pending in 1981 when Manhattan acquired and recorded its deed of trust.

844

■ The issue before us, therefore, is not whether Manhattan was bound by the final determination in the lawsuit, but rather, it is whether the final determination of the litigation upheld Perry Park's claim of a right prior to that of Manhattan. We hold that it did not.

## I.

The initial judgment of the trial court rejected Perry Park's claim. Its post-decree motions were denied. Perry Park then appealed to this court. After notice, this court dismissed Perry Park's appeal for failure to prosecute the same and issued its mandate to that effect on June 15, 1983. Perry Park sought no further appellate review. The effect of this court's dismissal of Perry Park's appeal was to leave intact, as a final determinative judgment in the litigation, the decree of the trial court which had become final in that court in March of 1982.

It is true, as Perry Park argues, that the lis pendens continued in full force and effect during the pendency of the appeal. C.R.C.P. 105(f)(4). However, on June 15, 1983, when this court issued its mandate the litigation was concluded and the lis pendens expired. *See Pipe v. Jordan*, 22 Colo. 392, 45 P. 371 (1896).

Thus, subsequent to that date, anyone interested in the state of title relative to the subject property, including Manhattan, who examined the record of the litigation in the trial court or this court was entitled to rely on the fact that Perry Park had no valid prior interest in the property and that any disabilities that had existed by virtue of the lis pendens had merged into, or been terminated by, the final disposition of the litigation. *See King v. W.R. Hall Transportation & Storage Co.*, 641 P.2d 916 (Colo.1982); *Maddalone v. Wilson, supra.*

## II.

Perry Park argues that the "Stipulation and Order" filed in the trial court June 20, 1983, and the "Certificate of Dismissal" signed by the clerk May 9, 1984, make the alleged 1983 settlement agreement and resulting quitclaim deed "of-record" and thus they are binding on Manhattan. Again, we disagree.

First, we note that the "Stipulation and Order" failed to include a copy of the parties' settlement agreement or, at a minimum, set forth its controlling terms. Indeed, the stipulation and order and certificate of dismissal give no indication that the parties did, as Perry Park asserts, agree that title to the Stables Property would vest in Perry Park. Accordingly, these documents, in their generality, fail to support Perry Park's position that it had any interest in the property.

Thus, even if the trial court had jurisdiction to enter an order of dismissal of all claims after our mandate, an issue we do not address here, such order merely eliminates Perry Park's claims and obviates any effect of the lis pendens.

Secondly, as previously discussed, anyone examining the court files after June 15, 1983, would have concluded that the 1979 lawsuit had concluded with the determination that Perry Park held no right, title, or interest in the Stable Property. Thus, there was essentially no way the 1979 lawsuit, the source of the lis pendens, could be "resurrected" to bind anyone whose interests had been affected by it.

We conclude that all interested parties, except those who were actual parties to the 1983 agreement, were entitled to rely on the conclusions which could be drawn from an examination of the trial court file. Any other conclusion would be contrary to the limited purpose of lis pendens, that is, to bind those who may acquire an interest during its pendency to the outcome of the *litigation.*

## III.

Perry Park further contends that the trial court erred in concluding, as a matter of law, that Manhattan did not have notice of the settlement agreement when it recorded its interest in the Stables Property.

Perry Park's argument is without merit. It is uncontested that Manhattan's deed of trust was recorded in 1981 and that the

settlement agreement and quitclaim deed conveying title in the Stables Property to Perry Park were not executed until 1983. Obviously, Manhattan could not have notice of a fact which did not exist at the time it recorded its interest.

The judgment is affirmed.

STERNBERG, C.J., and VAN CISE,* J., concur.