**Vicki EMARINE, Plaintiff–Appellee,**

v.

**Richard L. HALEY, Defendant–Appellant.**

**No. 93CA0675.**

Colorado Court of Appeals,
Div. II.

June 16, 1994.

Rehearing Denied Aug. 25, 1994.

Certiorari Denied April 17, 1995.

Clark S. Spalsbury, Jr., Estes Park, for plaintiff-appellee.

Nelson, Reid & Schwartz, Daniel W. Dean, Fort Collins, for defendant-appellant.

Opinion by Judge MARQUEZ.

In this action to determine priority of interests in certain real property, defendant, Richard L. Haley, appeals two summary judgments in favor of plaintiff, Vicki Emarine, the first giving plaintiff priority over defendant with respect to monies held in the registry of the trial court, and the second determining the amount of plaintiff's secured claim. We affirm in part, reverse in part, and remand with directions.

Both plaintiff and defendant are judgment creditors of the same debtor, and both claim they hold an interest superior to the other in real property that may be used to satisfy the debts. Plaintiff and defendant agreed to a sale of the property, and thus, each claims a superior interest in the monies deposited with the court.

## PLAINTIFF'S SUITS AGAINST DEBTOR

Plaintiff originally filed suit against debtor and his wife in April 1990. In her complaint, plaintiff claimed, *inter alia*, that debtor approached her with an offer to cooperate in a joint business venture. Debtor then induced plaintiff to contribute $25,000 to start the joint venture on the false promise that he would contribute $75,000 and pay plaintiff a salary of $3,000 per month. Plaintiff paid debtor $25,000 by check, and subsequently, debtor transferred the funds to his wife.

Her complaint stated claims for conversion under § 18–4–405, C.R.S. (1993 Cum.Supp.), for rescission of the agreement to participate in the joint venture, and to set aside the transfer of funds from debtor to his wife pursuant to § 38–10–117, C.R.S. (1982 Repl. Vol. 16A).

Subsequently, when plaintiff discovered that debtor's wife had used the funds to purchase real property in her name, plaintiff drafted a motion to amend or supplement her complaint. On April 16, 1991, plaintiff delivered her motion to the clerk of the court and attached her amended complaint to the motion.

Plaintiff's amended complaint mirrored her original complaint, but added the following allegation pursuant to § 38–10–117, C.R.S. (1982 Repl.Vol. 16A).

Although Plaintiff has thus far been refused discovery, Plaintiff has learned that [debtor] directly or indirectly transferred at least $76,200 for the benefit of [his wife], resulting in the purchase of [real property] for that sum in the name of [debtor's wife].

The amended complaint also modified the request for relief as follows:

Wherefore Plaintiff requests the Court enter judgment in Plaintiff's favor and against [debtor's wife] for the principal sum of $25,000, for an order setting aside the transfer of assets including the [real property] from [debtor] to [his wife], for a constructive trust and/or equitable lien (securing all amounts due as a result of this suit) on [debtor's] assets including [the real property], for interest before and after the judgment at the maximum allowed rate, for costs, and for such other relief deemed just and proper.

Also on April 16, 1991, plaintiff recorded a "Notice of Pending Action" (notice of lis pendens) on the property.

On June 5, 1991, the court granted without comment plaintiff's motion to amend her complaint, granted partial summary judgment for plaintiff against debtor on her conversion claim (debtor had pled guilty to theft in February 1990), and dismissed her claim

for rescission of the agreement to participate in a joint venture.

In regard to the latter two decisions, the court stated:

Wherefore the Court enters judgment against [debtor] and in favor of [plaintiff] for the following: $25,000.00 for sums converted by the theft, for additional statutory damages in the amount of $50,000.00 pursuant to C.R.S. § 18–4–405 (as amended), for interest at the legal rate on the sum of $75,000.00 beginning October 24, 1989, and for costs and statutory attorney's fees in an amount to be established by bill of costs. The sum of $20,000.00 in criminal restitution is hereby credited against this judgment effective as of the date received by Plaintiff. Plaintiff's second claim for relief is hereby dismissed. Judgment is hereby made final pursuant to C.R.C.P. 54(b).

This judgment was recorded on June 12, 1991, and a transcript of judgment was recorded on August 1, 1991.

With only her claim to set aside the transfer remaining, on June 18, 1991, plaintiff and debtor's wife agreed to a "Stipulation of Judgment" with respect to that claim. On July 1, 1991, plaintiff filed a "Motion for Entry of Stipulated Judgment." Judgment was entered against debtor's wife pursuant to this stipulation on July 2, 1991, and this judgment was recorded on July 11, 1991.

### DEFENDANT'S SUITS AGAINST DEBTOR

Defendant obtained a judgment against debtor in the United States District Court for the District of New Mexico on January 9, 1991. On March 15, 1991, defendant filed a "Notice of Filing of Foreign Judgment" in Colorado. Defendant recorded a transcript of this judgment in Colorado on April 23, 1991.

Also on April 23, 1991, defendant filed a "Complaint (Creditor's Bill)" and recorded a "Notice of Lis Pendens." On September 3, 1991, the court entered a final judgment against debtor in this case.

In the present case, the trial court concluded that: "[Plaintiff's] April 16th lis pendens was the first recorded document that asserted a claim affecting the realty. Since [plaintiff] obtained judgment against [debtor's wife], her April 16th lis pendens operates to make subordinate any subsequently acquired interest."

### I.

Defendant argues that plaintiff could not institute a proceeding against debtor to set aside the transfer prior to having a judgment against debtor. We disagree.

The general rule, in the absence of a qualifying statute, is that a creditor's bill may not be maintained, unless the creditor has theretofore reduced his claim to a judgment at law and the execution issued thereon has been returned *nulla bona*. *Shuck v. Quackenbush*, 75 Colo. 592, 227 P. 1041 (1924).

Here, plaintiff brought a claim to set aside the transfer of funds and assets pursuant to § 38–10–117. That section provides:

Every conveyance or assignment in writing or otherwise of any estate or interest in lands, goods, or things in action or of any rents and profits issuing thereupon, and every charge upon lands, goods, or things in action or upon the rents and profits thereof made with the intent to hinder, delay, or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts, or demands ... as against the person so hindered, delayed, or defrauded shall be void.

The primary remedy in an action for fraudulent conveyance is to return the property fraudulently conveyed to its prior status of ownership, thereby bringing it within reach of the judgment creditor of the fraudulent transferor. *Miller v. Kaiser*, 164 Colo. 206, 433 P.2d 772 (1967).

As relief, plaintiff asked, *inter alia*, "for an order setting aside the transfer of assets including the [property] from [debtor] to [his wife], [and] for a constructive trust and/or equitable lien (securing all amounts due as a result of this suit) on [debtor's] assets including [the property]."

We agree with defendant that plaintiff's claim against debtor's wife was "in the nature of a creditor's bill." *Walker v. Staley,* 89 Colo. 292, 1 P.2d 924 (1931) (when title to real property claimed to belong to a judgment debtor stands in the name of another, the creditor's suit is the proper proceeding to subject the property to the satisfaction of a judgment); *see also* 21 Am.Jur.2d *Creditors' Bills* § 1 (1981) ("the term [creditor's bill] is applied to ... suits instituted to remove obstructions to legal remedies, as by setting aside fraudulent conveyances").

We, however, disagree with defendant's conclusion that plaintiff must first have a judgment against the debtor. In 1941, our supreme court adopted C.R.C.P. 18(b), which provides:

> Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money.

*See Huntress v. Huntress' Estate,* 235 F.2d 205 (7th Cir.1956) (under Fed.R.Civ.P. 18(b), it is no longer necessary in a proceeding to set aside a fraudulent conveyance that the claim of the plaintiff be first reduced to judgment).

Thus, we conclude that plaintiff's claim was proper despite the fact that she had no prior judgment against debtor.

■ In addition, because there were no special circumstances in this case that would permit a court to hold a fraudulent transferee personally liable for damages resulting from the conveyance, we conclude that there could be no claim for money damage against debtor's wife. *See New Crawford Valley, Ltd. v. Benedict,* 877 P.2d 1363 (Colo.App. 1993).

## II.

■ Defendant next contends that plaintiff's notice of pending action, recorded on April 16, 1991, was not supported by a "filed" pleading and, thus, was ineffective. We disagree.

C.R.C.P. 105(f)(1) provides in pertinent part:

> Only after filing any pleading wherein the affirmative relief is claimed affecting the title to real property, a party may record in the office of the clerk and recorder of the county in which the property is situated a notice of lis pendens containing the names of the parties, the nature of the claims, and a legal description of the property in that county affected thereby; such notice shall from the time of recording thereof, and only from such time, be constructive notice to all persons acquiring any interest in or lien upon the property described in such notice from any grantor or from any source whatsoever.

Here, plaintiff tendered her motion to amend or supplement her original complaint to the clerk of the court on April 16, 1991. She attached the amended complaint to the motion. The crux of defendant's argument is that plaintiff's amended complaint was not "filed" until June 5, 1991, when the motion to amend or supplement was granted.

■ However, the order granting a motion relates back to the date of filing of the motion. *See Franklin Contract Sales v. First National Bank,* 200 Colo. 370, 615 P.2d 684 (1980) (order or intervention relates back to the date of the filing of the motion to intervene); *cf. Moore v. Grossman,* 824 P.2d 7 (Colo.App.1991) (tolling the statute of limitations until a motion to amend filed with an amended complaint was ruled upon).

We conclude, therefore, that plaintiff recorded her "Notice of Pending Action" after she had a "filed" pleading as contemplated by C.R.C.P. 105(f)(1), and within the meaning of C.R.C.P. 5(e).

## III.

### A.

■ Defendant next asserts that there was no final adjudication of title to the prop-

erty. Defendant argues that, because plaintiff's claims were resolved by settlement or stipulation, she did not have a final order affecting the title to the property. We disagree.

As noted above, plaintiff·and debtor's wife stipulated to a judgment. Pursuant to plaintiff's motion for judgment, the trial court entered a final judgment on July 2, 1991.

Thus, defendant's assertion is without merit. *Cf. Perry Park Country Club v. Manhattan Savings Bank,* 813 P.2d 841 (Colo.App. 1991).

### B.

■ Defendant also argues that no claim affecting real property was ever adjudicated with respect to debtor and that, thus, plaintiff only gained access to the property by consent of debtor's wife. We disagree.

"Where ... the alleged fraudulent grantor has parted with his entire interest in the property the title to which is brought in question, and where the action is brought against the fraudulent grantee to annul specific covinous conveyances, ... the better rule is that the fraudulent grantor is not a necessary party." *Homestead Mining Co. v. Reynolds,* 30 Colo. 330, 333, 70 P. 422, 423 (1902); *see Strong v. Texas Co.,* 70 Colo. 546, 203 P. 675 (1922).

Thus, this argument is also without merit.

### IV.

■ Defendant next asserts that plaintiff's notice of lis pendens expired by operation of law. We disagree.

"Notice of lis pendens shall remain in effect for forty-five days from ... entry of final judgment in the trial court." C.R.C.P. 105(f)(1).

A different division of this court has noted:

The purpose of recording a lis pendens is to give notice of the pendency of an action concerning real property to persons who may subsequently seek to acquire rights in that property. *King v. W.R. Hall Trans-*

*portation & Storage Co.,* 641 P.2d 916 (Colo.1982).

. . . .

The modern provision found in C.R.C.P. 105(f) is designed to give a party to a lawsuit sufficient time either to file a notice of appeal or to record a transcript of judgment in the county in which the affected land is situated. However, we find no indication that the new rule was intended to extend the constructive notice provided by a lis pendens beyond the thirty-day period. If the mere existence of the recorded lis pendens was sufficient to provide constructive notice of the terms of the judgment concluding the litigation the provisions of C.R.C.P. 105(f) concerning the effect of the lis pendens would be rendered meaningless.

*Maddalone v. Wilson,* 764 P.2d 403, 404 (Colo.App.1988).

Because the lis pendens at issue here was supported by plaintiff's fraudulent conveyance claim against debtor's wife, any action required had to be taken with respect to that judgment. Final judgment of this claim was entered by stipulation on July 2, 1991. Plaintiff recorded the judgment and stipulation on July 11, 1991, well within the forty-five day period.

We conclude that the recording of the stipulation and judgment was sufficient to satisfy the rule.

On the other hand, even if we were to determine that the recording of the judgment and stipulation did not satisfy the rule, defendant filed his action during a time when the plaintiff's notice of lis pendens was effective. Thus, it did put him on notice of plaintiff's claim. *See Perry Park Country Club v. Manhattan Savings Bank, supra.*

Moreover, because we have concluded that plaintiff had a "filed" complaint when the notice was recorded, defendant's claim that he did not have constructive notice of a pending action that affected title to the real property is without merit.

In sum, we conclude that plaintiff's notice of lis pendens was effective as of April 16,

1991, and thus, we agree with the trial court that plaintiff has priority with regard to the funds deposited in court. As stated in *Shuck v. Quackenbush, supra,* 75 Colo. at 601, 227 P. at 1045:

> By filing at the same time [, as the filing of the complaint or the service of summons in a civil action, a] notice of lis pendens, there was created a lien which attached at the time the notice was filed, the effect of which was to prevent interference by third parties with the property during the pendency of the action, and to preserve it to answer any valid judgment the court might thereafter render concerning it. An attachment remains a continuing security for any judgment that may be obtained. *Johnson v. Collins,* 116 Mass. 392. It is an incumbrance from the time of its levy, and a subsequent judgment relates back to that time.

### V.

Last, defendant contends, as a separate issue apart from the determination of priority between plaintiff and defendant, that the trial court erred in granting a lien of $81,723.74. We agree.

### A.

██ Defendant contends that in his Creditor's Bill Action, the trial court determined that debtor's wife had no interest in the property as of the date of its first conveyance to her. We disagree.

In defendant's "Creditor's Bill Action," the court stated:

> The subject real property ... held in the name of [debtor's wife], was equitably the asset of [debtor] subject to the judgment lien of the Plaintiff[, defendant in the present case] and liens of other individuals as they may exist—Court by this Judgment is not determining any priority of liens or claims of an interest in said property but only that [debtor] is the 'equitable' owner of said property presently titled in the name of [his wife].

The court concluded that: "The Sheriff is authorized to proceed with execution against [the property at issue] as if it were owned in fee simple by [debtor] to satisfy the judgment lien of the Plaintiff [defendant in the present case] subject to other laws or interests existing in said property."

In defendant's action, the court makes it clear that it was not determining any priority with respect to the property. In addition, the court rendered this judgment on September 3, 1991, long after plaintiff had obtained a judgment against both debtor and his wife.

Thus, defendant's argument is without merit.

Moreover, we have already concluded that plaintiff's fraudulent conveyance claim gave her an equitable interest in the property with which to satisfy her judgment against debtor.

Thus, we need not address defendant's argument that the stipulation between plaintiff and debtor's wife gave plaintiff access to only the first $35,000 of the property.

### B.

██ Defendant contends that because debtor gave up any right in a $5,000 promissory note made by plaintiff for debtor, the amount of plaintiff's lien should be offset by that amount. We disagree.

Because the note has not been surrendered, plaintiff refused to credit debtor for the $5,000. Defendant, however, points out that in a related criminal case against debtor, debtor signed a "Statement by Defendant and Waiver of Defendant's Rights and Plea Agreement and Stipulation." In that statement, debtor agreed that: "I give up any right I may have to collect a purported 'loan' of $5,000 which I made to [plaintiff]."

Defendant, however, does not contend that this waiver resolves all possible claims against plaintiff while the note has not been surrendered. *See* §§ 4-3-305 and 4-3-605, C.R.S. (1992 Repl.Vol. 2).

Thus, we conclude that plaintiff is entitled to the $5,000 until the note is surrendered.

### C.

██ Defendant maintains that plaintiff abandoned the issue of attorney fees and costs in her suit against debtor and cannot

now collect the asserted $8,593.69. We disagree.

"A party claiming costs shall file a Bill of Costs within 15 days of the entry of order or judgment.... Taxing and determination of costs shall be in accordance with C.R.C.P. 54(d) and Practice Standard § 1–15." C.R.C.P. 121 § 1–22.

"Costs may be taxed by the clerk on one day's notice. On motion served within five days thereafter, the action of the clerk may be reviewed by the court." C.R.C.P. 54(d).

Defendant argues that no motion requesting the taxing of costs and attorney fees was ever filed and no order was entered. In her reply brief on her motion for summary judgment to determine the amount of plaintiff's secured claim, plaintiff states:

> Defendant argues costs and attorney's fees were not awarded in favor of [plaintiff] and against the [debtors], and therefore can't be included in the amount claimed by [plaintiff] herein.... The partial summary judgment against [debtor] disposed of any necessity for an additional order since that judgment included 'costs and statutory attorney's fees in an amount *to be established by bill of costs*'. The partial summary judgment awarding costs and fees against [debtor] was signed by the Court June 5, 1991. The bill of costs was served June 18, 1991, and filed with the Court on June 19, 1991. No objection was ever stated by either [debtor] thus admitting the requested costs were not disputed. Based on this record and the judgment allowing costs as established by the bill of costs, the undersigned believes the requested costs became final and a part of the judgment when no objection was lodged.

Plaintiff's statement is supported in the record, and thus, we conclude that she is entitled to the $8,593.69.

### D.

■ Defendant's final contention is that interest on the $50,000 treble damages award runs from June 5, 1991, the date of entry of judgment, not October 24, 1989. We agree.

An award of punitive damages is unliquidated until the date of judgment. The award of punitive damages is to punish and deter such conduct in the future, not to compensate for the wrongful delay in obtaining money or property. *Coale v. Dow Chemical Co.,* 701 P.2d 885 (Colo.App.1985).

Treble and punitive damages serve similar purposes. *Lexton–Ancira Real Estate Fund v. Heller,* 826 P.2d 819 (Colo.1992).

Thus, we conclude that prejudgment interest runs from entry of judgment on the $50,000 in treble damages.

As to the award of prejudgment interest, the judgment is reversed, and the cause is remanded for a determination of interest in accordance with this opinion. In all other respects, the judgment is affirmed.

CRISWELL and TAUBMAN, JJ., concur.