**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS G. JUNGHANS; RODERICK R. McBROOM, <br><br> Appellants, <br><br> v. <br><br> DAVID M. REAVES, Chapter 7 Trustee, <br><br> Appellee, <br><br> 12 PERCENT FUND I LLC; COYOTE GROWTH MANAGEMENT LLC, <br><br> Debtors - Appellees. | No. 10-17190 <br><br> D.C. No. 2:10-cv-00375-ROS <br><br><br> MEMORANDUM[*] |
| RODERICK R. McBROOM; THOMAS G. JUNGHANS, <br><br> Appellants, <br><br> v. <br><br> DAVID M. REAVES, Chapter 7 Trustee, <br><br> Appellee, | No. 11-15988 <br><br> D.C. No. 2:10-cv-00375-ROS |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

```
12 PERCENT FUND I LLC; COYOTE
GROWTH MANAGEMENT LLC,

        Debtors - Appellees.
```

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

In these consolidated appeals, Roderick R. McBroom and Thomas G. Junghans appeal pro se from the district court's judgment affirming the bankruptcy court's judgment allowing the bankruptcy trustee to avoid their judgment liens against estate property. They also appeal from the district court's order denying their motion for a stay pending appeal. We have jurisdiction under 28 U.S.C. § 158(d). We review independently the bankruptcy court's decision, without deference to the district court's determinations. *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm No. 11-15988 and dismiss No. 10-17190.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**Appeal No. 11-15988**

The bankruptcy court properly concluded that, regardless of whether Arizona or Colorado law applies, appellants' judgment liens do not relate back to the filing of the notices of lis pendens and instead were recorded within 90 days of the filing of the bankruptcy petitions, and, thus, the judgment liens were properly subject to avoidance under 11 U.S.C. § 547(b). *See Hurst Concrete Prods., Inc. v. Lane (In re Lane)*, 980 F.2d 601, 604-06 (9th Cir. 1992) (under California's lis pendens statute, judgment relates back to the date of the recording of lis pendens only if the judgment is entered upon those specific claims asserting any interest in the real property); *Tucson Estates, Inc. v. Superior Court*, 729 P.2d 954, 957 (Ariz. Ct. App. 1986) (Arizona lis pendens statute was taken from California's lis pendens statute); *Perry Park Country Club, Inc. v. Manhattan Sav. Bank*, 813 P.2d 841, 843-44 (Colo. Ct. App. 1991) (when claims affecting rights in real property are lost, any corresponding lis pendens expires).

**Appeal No. 10-17190**

Appellants appeal from the district court's order denying their motion for a stay pending their appeal of the bankruptcy court's judgment. Because we have resolved that appeal, there is no longer need for any stay and, thus, this appeal is dismissed as moot. *See Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th

Cir. 1999) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.").

**AFFIRMED AND DISMISSED.**

**Appeal No. 11-15988: AFFIRMED.**

**Appeal No. 10-17190: DISMISSED.**