No. 79SA568

**Richard E. Hammersley and Karin Hammersley v. District Court in and for the County of Routt and John J. Wilkinson, a Judge assigned to said Court.**

(610 P.2d 94)

Decided April 21, 1980.

Ratcliffe & Chamberlain, Dean Link, for petitioners.

Sharp & Black, Richard T. Casson; Mattlage, Maus & Lettunich, Anthony B. Lettunich, for respondents.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

In this original proceeding we issued a rule to show cause why an order of the Routt County District Court releasing a notice of lis pendens should not be vacated. We now make that rule absolute.

Petitioners are owners of a lot in a subdivision in Steamboat Springs. O'Donnell is the owner of an adjacent lot in that subdivision. The entire subdivision is subject to protective covenants recorded in the Routt County real estate records. The covenants impose certain criteria with respect to improvements to be constructed; create an architectural control committee to determine adherence to such criteria; and authorize any owner of property in the subdivision to institute proceedings to enforce the covenants.

Petitioners brought an action against O'Donnell and others, claiming that the residence being constructed by O'Donnell violates the covenants and will detrimentally affect the view from the residence on petitioners' lot. The relief sought included an injunction against further construction by O'Donnell until his improvement plans are approved in accordance with the protective covenants.

Petitioners' application for preliminary injunction was denied. They appealed from that denial, and that matter is pending before the court of appeals.

Petitioners filed a notice of lis pendens in the office of the county clerk and recorder shortly after denial of the preliminary injunction. O'Donnell moved to release that notice. That motion was granted, and this original proceeding followed.

■ The question presented is whether a notice of lis pendens is authorized to be filed pursuant to C.R.C.P. 105(f) with respect to a suit of the type brought by petitioners. We conclude that it is.

■ C.R.C.P. 105(f) provides in pertinent part:

"After filing any pleading wherein affirmative relief is claimed affecting the title to real property, a party may file in the office of the recorder of the county in which the property is situated a notice of lis pendens containing the names of the parties, the nature of the claim, and a description of the property in that county affected thereby; such notice shall from the time of filing for record thereof, and only from such time, be constructive notice to all persons acquiring any interest in or lien upon the property described in such notice from any grantor or from any source whatsoever."

The trial court held that a proceeding to enforce adherence to criteria with respect to construction of improvements is not one "wherein affirmative relief is claimed *affecting the title to real property*" (emphasis added) within the meaning of C.R.C.P. 105(f). We disagree.

■ In absence of statute or court rule, under the doctrine of lis pendens a purchaser of real property which is the subject of pending litigation takes title subject to any adverse interest ultimately adjudicated in such litigation. *Cheever v. Minton,* 12 Colo. 557, 21 P. 710 (1889). The relationship between the common law doctrine of lis pendens and statutes or court rules with respect to notice of lis pendens is explained in *Empire Land and Canal Co. v. Engley,* 18 Colo. 388, 391, 33 P. 153, 154 (1893), as follows:

"The distinction between the term *lis pendens* and the phrase *notice of lis pendens* is not always observed. The former is a common law term, the latter is regulated by statute. At common law, the general rule is that all persons are bound to take notice at their peril of suits affecting the title to property; and purchasers *pendente lite,* either with or without notice, take no better title than their grantor shall be adjudged to have. The hardship of this rule in cases of certain equitable liens and secret trust estates has led to the adoption of statutes providing for the registry or recording of notice of the pendency of certain actions."

■ The operation of the doctrine of lis pendens and the policy underlying that doctrine have been described as follows:

"Under the common law, nothing relating to the subject matter of the suit could be changed while it was pending and one acquiring an interest in the

property involved therein from a party thereto took such interest subject to the parties' rights as finally determined and was conclusively bound by the result of the litigation, provided the court had jurisdiction of the subject matter and the person from whom the interest was acquired.

. . .

". . . The doctrine of lis pendens is founded upon the consideration that no suit could be successfully terminated if, during its pendency, the property could be transferred so that it would not be bound by the decree or judgment in the hands of the assignee."
8 G. Thompson, *Commentaries on the Modern Law of Real Property* § 4308, at 331, 334 (repl. J. Grimes 1963).

■ C.R.C.P. 105(f) does not create the doctrine of lis pendens; it merely modifies or restricts the common law on that subject. *See Shuck v. Quackenbush,* 75 Colo. 592, 227 P. 1041 (1924); *Buckhorn Plaster Co. v. Consolidated Plaster Co.,* 47 Colo. 516, 108 P. 27 (1910).

■ The common law rule was quite harsh. It bound anyone who acquired an interest in property by the result of pending litigation involving that property even though the interest was acquired without knowledge of the litigation. *See* 8 J. Casner, *American Law of Property* § 13.12 (1952). Because of this harshness, some courts limited the types of litigation within the rule to those claims directly operating on title as distinguished from those dealing with use or possession. *See* 51 Am. Jur.2d, *Lis Pendens,* §§ 4, 21. Such a limitation is no longer necessary in Colorado because of the court rule that a notice of lis pendens describing the parties and the property must be filed in the office of the county clerk and recorder in order to give constructive notice of the pending action. C.R.C.P. 105(f). The record gives notice to all persons subsequently acquiring any interest in the property. Section 38-35-110, C.R.S. 1973. The effect is to condition the operation of lis pendens upon compliance with the filing requirements of the rule.[1] The rule and the statute effectively eliminate the problem of surprise.

The policy that successful completion of a suit involving rights in real property should not be thwarted by permitting transfers of interests in real property to persons not bound by the outcome of the suit continues in its full vigor. This policy would be furthered by giving an expansive interpretation to the language "affecting the title to real property" as found in C.R.C.P. 105(f). The instant case involves the extent of limitations on the rights of an owner of a lot in a subdivision to construct a residence on that property. Those rights are incidents of the owner's title. Although the present litigation does not seek to change ownership in any way, it does

---

[1] It is the notice of lis pendens and not the pleadings which gives constructive notice. *Clopine v. Kemper,* 140 Colo. 360, 344 P.2d 451 (1959).

involve a determination of certain rights incident to ownership and in that sense affects title to real property. It will promote the finality of litigation and economy of judicial resources, will harm no legitimate interest of the owner,[2] and will be fully consistent with the language of C.R.C.P. 105(f) to hold that the instant case is one affecting title to real property within the meaning of that rule. We adopt that construction.

Accordingly, we make the rule to show cause absolute.

JUSTICE ERICKSON does not participate.

---

[2] Respondent argues that the notice of lis pendens will cloud his title and will impair its marketability. This means only that a subsequent purchaser will be bound by the outcome of the litigation and that purchase may be discouraged until that outcome is certain. The litigation involves determination of the extent of rights of ownership as defined by documents now of record. No unfairness to the owner or to the subsequent purchaser is perceived in binding them both by the judgment in the pending action. The petitioners have a legitimate interest in obtaining a final resolution of the questions in litigation. Unless the recorded protective covenants and the activity on the property give constructive notice of such questions to third persons acquiring interests from O'Donnell during the course of litigation, application of the doctrine of lis pendens is necessary to protect the petitioners' interest.