**PEOPLES BANK & TRUST CO.,**
Plaintiff-Appellant,

v.

**William F. PACKARD,**
Defendant-Appellee,

and

**Ross Ferry, Defendant.**

No. 81CA0733.

Colorado Court of Appeals,
Div. III.

Feb. 18, 1982.

---

Krys, Boyle, Golz & Keithley, Roger L. Keithley, Denver, for plaintiff-appellant.

Cogswell & Wehrle, C. Scott Crabtree, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Peoples Bank & Trust Company (Peoples), appeals from an order of the trial court entered pursuant to C.R.C.P. 105(f)(2) which released certain described real property from its notices of lis pendens. We affirm.

Peoples filed a complaint against defendants, William F. Packard and Ross Ferry, alleging breach of a trust relationship and seeking money damages as a result of the breach. Packard answered the complaint

and counterclaimed for money damages based upon Peoples' alleged abandonment of premises leased from Packard, and breach of the lease. Peoples then filed notices of lis pendens in Adams and Arapahoe counties regarding the leased property. The notices stated that the basis of the claim concerning the real property was the counterclaim filed by Packard.

Subsequent to the filing of the notices of lis pendens, Peoples filed its reply to the counterclaim claiming a set-off for the *value* of improvements it had made to the premises. On or about July 1, 1981, Packard filed a motion pursuant to newly amended C.R.C.P. 105(f)(2) seeking to have the property released from the notices of lis pendens, claiming that judgment on the issues raised by the pleadings would not affect the title of the described real property.

The trial court concluded that Packard's counterclaim did "not affect title to real property inasmuch as possession, use and enjoyment are not in issue but rather it is a claim solely for money damages." The trial court then ordered that the described property be released from the notices of lis pendens. We agree with the trial court's analysis.

C.R.C.P. 105(f)(2), effective July 1, 1981, allows "[a]ny interested person [to] petition the court in the action identified in the notice of lis pendens for a determination that a judgment on the issues raised by the pleadings in the pending action *will not affect all, or a designated part, of the real property* described in the notice of lis pendens ...."[1] (emphasis added)

Nothing in Peoples' complaint, Packard's counterclaim, nor Peoples' reply, states a claim for relief affecting the title to real property, nor is there any claim relating to possession, use, or enjoyment of the property. *Hammersley v. District Court*, 199 Colo. 442, 610 P.2d 94 (1980); *Clopine v. Kemper*, 140 Colo. 360, 344 P.2d 451 (1959).

Therefore, the trial court properly concluded that the issues raised by the pleading would not affect all, or any part, of the designated property. The notices of lis pendens were void *ab initio*. *Otten v. Birdseye*, 527 P.2d 925 (Colo.App.1974) (not selected for official publication).

Order affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.

---

1. Further, this subsection provides:
   "Such order shall be a final judgment as to the matters set forth therein and if the order includes the determination required by Rule 54(b) as to its finality apart from remaining issues, it shall be appealable only as a separate judgment of that date."