**CENTRAL ALLIED PROFIT SHARING TRUST and Capslo, Inc., Plaintiffs–Appellants,**

v.

**Warren L. BAILEY, Jr.; Jordan Hochstadt; Bruce B. Paul; Key Investment Corp., a Colorado corporation; M.G. Management Corporation, a Colorado corporation, d/b/a the Kidds, Inc.; Timothy J. Oliver; Peter R. Simonson; Stephen A. Lindsey; and Mammoth Gardens Limited Partnership, a Colorado limited partnership, Defendants–Appellees.**

No. 86CA1610.

Colorado Court of Appeals, Div. VI.

July 7, 1988.

Ireland, Stapleton, Pryor & Pascoe, P.C., Tucker K. Trautman, Margaret L. Toal-Rossi, Mark W. Williams, Denver, for plaintiffs-appellants.

Hochstadt, Straw & Strauss, P.C., Richard S. Strauss, Denver, for defendant-appellee Hochstadt.

Berenbaum & Weinshienk, Howard B. Gelt, Howard M. Buchalter, Denver, for defendant-appellee Key Inv. Corp.

No appearance for other defendants-appellees.

ENOCH *, Judge.

In this action by limited partners against the limited partnership and its general partners, plaintiffs, Central Allied Profit Sharing Trust and Capslo, Inc., appeal from the trial court's order striking a notice of lis pendens which plaintiffs had filed against the partnership property. We affirm.

This case arises out of the formation and operation of the Mammoth Gardens Limited Partnership, which was formed in 1980 to acquire and renovate the property commonly known as "Mammoth Gardens" in Denver. Plaintiffs purchased units in the partnership through a private placement offering.

In June 1986, plaintiffs filed suit against defendants, alleging numerous improprieties in the sale of partnership units and the subsequent management of the property. Plaintiffs sought rescission of the sales contract for their partnership units, exemplary damages, imposition of a priority lien upon all the Mammoth Gardens property, and an accounting and dissolution of the partnership. At the same time, plaintiffs recorded a notice of lis pendens against the partnership property.

Thereafter, defendants, who were unaware of the notice of lis pendens, undertook efforts to sell the property. A potential buyer was found, and in September 1986, the parties entered into a contract of sale. Prior to closing on the property, a title examination revealed the existence of the notice of lis pendens. Several defendants thereupon filed a motion to strike the lis pendens. The trial court granted the

motion, finding that the lis pendens prevented defendants from delivering merchantable title, and that plaintiffs, as limited partners, had no claim against the real property of the partnership. The court entered an order under C.R.C.P. 54(b).

Plaintiffs contend the trial court erred in concluding that the present action is not one which affects the title to real property. We disagree with this contention.

 Under C.R.C.P. 105(f), a notice of lis pendens is properly filed in any case in which "affirmative relief is claimed affecting the title to real property." See Hammersley v. District Court, 199 Colo. 442, 610 P.2d 94 (1980). However, under the Colorado Limited Partnership Act, a limited partner acquires no legal or equitable property right in the partnership realty. See § 7–61–119, C.R.S. (1986 Repl.Vol. 3A); see also Caley Investments I v. Lowe Family Associates, Ltd., 754 P.2d 793 (Colo.App. 1988). Therefore, upon dissolution of the partnership, a limited partner is only entitled to a pro rata share of the partnership profits and surplus. See § 7–61–111(2) and § 7–61–117(3), C.R.S. (1986 Repl.Vol. 3A). Hence, the trial court properly found that plaintiffs' action, even if ultimately successful, would not affect the title to the property in question.

Plaintiffs argue that because their complaint seeks the imposition of a lien upon the partnership property, the relief requested does affect the title to the property. We do not agree that plaintiffs are entitled to the imposition of a lien, and we therefore reject their contention.

 The Colorado Limited Partnership Act contains no provision which authorizes the imposition of a lien on partnership property at the request of a limited partner. We recognize that a partner's lien is authorized under the Uniform Partnership Act where a partnership contract is rescinded because of fraud or misrepresentation. See § 7–60–139, C.R.S. (1986 Repl. Vol. 3A). However, that provision has no

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

application to limited partnerships. Because the nature of a limited partner's interest is fundamentally different from that of a general partner, plaintiffs' reliance on § 7–60–139, C.R.S. (1986 Repl.Vol. 3A), is misplaced.

The plaintiffs' request for a lien against the property is essentially a request for a pre-judgment lien to assure that any monetary damages which may ultimately be awarded are paid. *See Peoples Bank & Trust Co. v. Packard*, 642 P.2d 57 (Colo. App.1982); *see also Helmsley–Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643 (Tex.Ct.App.1985); *Hill v. L/A Management Corp.*, 234 Ga. 341, 216 S.E.2d 97 (1975). Accordingly, the trial court properly granted defendants' motion to strike the notice of lis pendens.

Order affirmed.

HODGES*, Justice, and HARDEMAN*, Judge, concur.