**AMERICAN ROOFING SUPPLY OF COLORADO SPRINGS, INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**Allan D. CAPPS, Defendant–Appellee,**

and

**Linda H. Capps, Defendant.**

No. 93CA0429.

Colorado Court of Appeals,
Div. III.

April 7, 1994.

Rehearing Denied May 12, 1994.

Ronald G. Crowder, P.C., Ronald G. Crowder, Colorado Springs, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, American Roofing Supply of Colorado Springs, Inc., appeals from the order of the trial court that vacated one of the notices of lis pendens that plaintiff had filed, conditioned upon the posting by defendants, Allan D. and Linda H. Capps, of a bond to serve as security for any claim that plaintiff might later be found to have with respect to the realty described in such notice. The trial court, pursuant to C.R.C.P. 105(f)(2), made such order a final judgment by the entry of its order under C.R.C.P. 54(b). We affirm.

Plaintiff is a corporation in which, it is alleged, there are only three stockholders—the defendant Allan D. Capps (Capps) and two other individuals. It was engaged in the roofing supply business in Colorado Springs.

Plaintiff's original complaint was filed in October 1991 and alleged, essentially, that Capps had improperly removed certain equipment, inventory, and records belonging to plaintiff. That complaint sought a decree directing that possession of those items be delivered to plaintiff and a judgment for any damages caused by their removal.

Shortly after that original complaint was filed, the parties entered into a settlement agreement, which provided that the parties were to exchange mutual releases. However, before that agreement was fully implemented, plaintiff asserted that it was unaware of certain information at the time of the execution of the settlement agreement, and that it had learned of such matters only as a result of the inspection of certain records turned over to it in accordance with that agreement, and therefore filed an additional complaint. That additional complaint, as ultimately amended, alleged that over the course of several years Capps had diverted the funds, supplies, and labor of employees of plaintiff, to the extent of some $300,000, to his own personal use. It alleged that Capps used plaintiff's funds to acquire three parcels of land in Park County and to build a cabin on one of those parcels, to purchase a ware-

Iuppa, Simons & Martin, Barney Iuppa, Colorado Springs, for plaintiff-appellant.

house in El Paso County and to make improvements on that warehouse, to pay off a mortgage on realty he owned, to pay off other personal loans, and to purchase certain items of personal property.

In addition, the amended complaint alleged that Capps used lumber owned by plaintiff and the services of plaintiff's employees to construct a recreation room and a swimming pool at Capps' home in Colorado Springs, and to maintain the yard at such residence. The amended complaint asserted that the value of the supplies and labor used for these purposes amounted to some $24,000.

Plaintiff sought to have the court impose a constructive trust, or to impose an equitable lien, upon each of the parcels of realty for which plaintiff's funds, supplies, or employees' labor was used, either for acquisition or for improvement purposes. And, to provide notice to third parties of its claims with respect to these realties, plaintiff filed a notice of lis pendens with respect to each parcel described in the complaint, including Capps' residence in Colorado Springs.

Sometime after these notices were filed, defendants moved to release the lis pendens filed with respect to the Colorado Springs residence and to allow defendants to substitute a cash deposit as security for any claim that might later be adjudged to be valid with respect to that property. After an evidentiary hearing, but over plaintiff's objection, the court granted defendants' motion and vacated the notice of lis pendens, but required defendants to post a $2,000 cash, property, or surety bond as substitute security for the residence. The other notices of lis pendens that had been filed respecting other properties were unaffected by this order.

### I.

Plaintiff first argues that, because C.R.C.P. 105, which governs the procedures for the giving of notice of lis pendens, does not specifically authorize a court to substitute other security for such a notice, the courts of this state lack authority or jurisdiction to do so. We disagree.

At the time of the proceedings in the trial court, the statute governing the filing of a notice of lis pendens, § 38–35–110, C.R.S. (1982 Repl.Vol. 16A), simply provided that the filing of such a notice must be "in compliance with law." At the same time, C.R.C.P. 105(f) provided for the recording of a notice of lis pendens with the county clerk and recorder. Upon such recording, such notice was to constitute constructive notice to all interested persons of the claim being made upon the property described in the notice. That rule also provided that such notice was to remain in effect for 45 days from the entry of a final judgment or from the entry of an order under C.R.C.P. 105(f)(2).

C.R.C.P. 105(f)(2) authorized the court, upon petition, to enter an order determining that any judgment entered in the pending action would "not affect all, or a designated part, of the real estate described in the notice of lis pendens, or a specifically described interest therein." This rule, however, did not set forth the factors or criteria to be used by the court in its determination that the judgment would "not affect" the property about which notice had been given.

Previous decisions have made clear that, if a notice of lis pendens is filed in an action the nature of which could not affect the title, possession, or use of real property, a trial court has full authority to enter an order vacating that notice. *See Central Allied Profit Sharing Trust v. Bailey,* 759 P.2d 849 (Colo.App.1988) (in suit by partner against partnership, court properly entered order striking notice of lis pendens respecting partnership property because plaintiff, as partner, could claim no interest in such property); *Peoples Bank & Trust Co. v. Packard,* 642 P.2d 57 (Colo.App.1982) (because plaintiff sought only money damages and his claims could not affect possession, use, or title to the described realty, order releasing notice of lis pendens was proper).

In addition, in *Wellman v. Travelers Insurance Co.,* 689 P.2d 1151 (Colo.App.1984), *rev'd on other grounds,* 721 P.2d 685 (Colo. 1986), a division of this court approved, as a proper exercise of the court's equitable discretion under C.R.C.P. 105(f)(2), an order requiring plaintiffs to post a supersedeas bond as a condition for the continued effectiveness of a notice of lis pendens during

plaintiffs' appeal of an adverse judgment. *But see Meaker v. District Court*, 134 Colo. 151, 300 P.2d 805 (1956) (in dictum, court questioned authority of trial court to require spouse in divorce proceedings to subordinate interest in marital property, which was subject of notice of lis pendens, to prospective business mortgage).

The Colorado courts have not determined whether a trial court, in the exercise of its equitable powers, may vacate a notice of lis pendens in an action in which the claim asserted does, in fact, affect the use or possession of, or the title to, the realty against which the notice has been recorded. And, there appears to be a diversity of opinion upon the question among the courts of other states.

In several states, statutes regulate the filing of the notice, and some of these statutes set forth specific bases upon which a court may vacate the notice. In these states, some courts have concluded that, because of the legislature's designation of the specific grounds for vacation, the judiciary cannot vacate the notice except upon one of the specific statutory grounds. *See generally* Annot., *Lis Pendens: Grounds for Cancellation Prior to Termination of Underlying Action, Absent Claim of Delay*, 49 A.L.R.4th 242 (1986).

On the other hand, in those states in which the statute or rule does not specifically address the question of vacation of the notice, several courts have held that the courts continue to possess the authority to exercise the equitable discretion to vacate, cancel, or otherwise to modify the effect of the notice in appropriate instances. *See* Annot., *supra.*

Representative of these latter decisions is *White v. Wensauer*, 702 P.2d 15, 49 A.L.R.4th 233 (Okla.1985). There, the court emphasized that the concept of lis pendens was developed under the common law, and under the common law, the mere filing of a court pleading setting forth a claim affecting realty provided notice to the world of such claim; the filing or recording of an additional document in some other office was not required. Hence, the concept of lis pendens did not originate in a statute or court rule, but such a statute or rule, requiring some-

thing more than the common law required in order to provide notice of the claim, constitutes a restriction upon such concept. As a result, the Oklahoma court concluded that:

> Because the doctrine of lis pendens is derived from the common-law and equity jurisprudence, rather than from statute, it is subject to equitable principles. If the operation of lis pendens should prove harsh or arbitrary in some particular instance, equity can and should refuse to give it effect.

*White v. Wensauer, supra*, 702 P.2d at 18, 49 A.L.R.4th at 240 (footnotes omitted).

To the same effect, *see Maglione v. Bancboston Mortgage Corp.*, 29 Mass.App.Ct. 88, 557 N.E.2d 756 (1990) (lis pendens in mortgage foreclosure action vacated upon deposit by mortgagee of full balance owed upon mortgage).

■ This line of authority is persuasive. Accordingly, because neither the statute nor the rule that was applicable to the proceedings here contained any express restrictions upon the exercise of the court's equitable powers, we hold that the court had authority to cancel the notice of lis pendens and to require a substitution of security if equitable considerations made such action appropriate.

Further, the record here demonstrates that the court did not abuse its discretion in requiring a substitution of security.

■ The evidence before the court established that the residential property affected by the lis pendens had a value of some $130,000 to $150,000 and that it was the subject of a contract of sale which could not be closed so long as the notice of lis pendens was in effect. In addition, plaintiff makes no claim to an ownership interest in this property. Rather, it asserts a lien interest only to the extent that plaintiff's money, property, or services may have added to its value. Hence, if plaintiff prevails on this claim, such claim would be satisfied by a foreclosure upon the lien requested, the sale of the property, and the payment to plaintiff out of the proceeds of such sale of the amount of the decreed lien.

.Given these circumstances, an adequate cash, property, or surety bond provides to plaintiff essentially the same type of security that its lis pendens provided. Indeed, because plaintiff has no claim to the property beyond the value of the improvements allegedly added to it by plaintiff's money, property, or services, plaintiff has failed to demonstrate how the trial court's order of substitution has caused it any harm. In any event, however, the circumstances fully support the manner in which the trial court exercised its equitable powers.

## II.

We also disagree with plaintiff's assertion that the trial court erred in requiring it to participate in an evidentiary hearing at a time when the court had limited the parties' discovery efforts.

Because plaintiff's other claims would be open for adjudication only if the court determined that the parties' settlement agreement should be set aside, the trial court initially entered an order restricting the parties' discovery efforts to those issues relevant to the validity of the settlement agreement. Insofar as the record presented to us reflects, such order was not modified prior to the hearing upon defendants' motion to substitute security, nor was there any request for any modification.

Defendants' motion was filed with the trial court on October 30, 1992. A preliminary hearing upon that motion was held on January 8, 1993, at which time the court determined that it had the authority to substitute security if the circumstances warranted. An evidentiary hearing upon the issue was set for February 10, 1993. Plaintiff did not object to such setting.

Plaintiff did not ask to continue the evidentiary hearing and did not make any specific objection to going forward because of a lack of discovery. During the course of argument upon the general issue, however, counsel referred to the lack of discovery.

Nevertheless, counsel for defendants advised the court that the parties had taken the depositions of certain witnesses for the specific purpose of the evidentiary hearing upon defendants' motion, and counsel for plaintiff did not dispute such representation. Further, a review of the testimony presented during the hearing reveals that counsel for plaintiff was aware of the witness' testimony and used prior discovery materials for impeachment purposes.

■ At no time during the hearing did plaintiff claim that any of the testimony surprised it, and it made no request for a continuance to rebut any of the testimony. Nor did it advise the trial court of any other potential witnesses, except in one instance. In that instance, the testimony of the witness was not received, not because of a lack of previous discovery opportunity, but because efforts to find the witness were unavailing.

In plaintiff's last amended complaint, filed in January 1992, more than one year prior to the evidentiary hearing upon defendants' motion, plaintiff asserted that Capps had used plaintiff's materials and employees' services to work upon the residence in numerous ways and that the value of such supplies and services equalled some $24,000. At the time of the hearing, however, there was virtually no evidence presented to support these allegations except in two, relatively minor, instances. Even though the trial court placed the burden of persuasion upon defendants to disprove these allegations, rather than upon plaintiff to prove them, it determined that there was no basis upon which to find that the supplies and services of plaintiff which were used by Capps for his residence had a value of more than $2,000.

Plaintiff has not suggested, either in the trial court or here, any *specific* discovery that could have produced any evidence rebutting that received by the trial court. Under these circumstances, the trial court's judgment cannot be assailed because of a lack of discovery.

Judgment affirmed.

DAVIDSON and TAUBMAN, JJ., concur.