Jason PIERCE, personal representative
of the Estate of Mary Clomer
Pierce, Petitioner–Appellee,

v.

Steven G. FRANCIS; Fred Glass, attorney
in fact for Suzanne Pierce; and Howard
and Francis LLP, a Colorado limited
liability partnership; Respondents–Ap-
pellants.

No. 07CA1960.

Colorado Court of Appeals,
Div. II.

Sept. 4, 2008.

* Sitting by assignment of the Chief Justice under
 provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

506

Goff & Goff, LLC, Lance J. Goff, Boulder, Colorado, for Petitioner–Appellee.

Howard and Francis, LLP, Steven G. Francis, Fort Collins, Colorado, for Respondents–Appellants.

Opinion by Judge ROY.

Fred Glass, attorney in fact for Susan Pierce (the daughter), and his attorneys, Steven G. Francis and Howard and Francis, LLP (collectively, the attorneys), appeal the order invalidating a notice of lis pendens under the spurious lien statute, sections 38–35–201 to –204, C.R.S.2007, and awarding attorney fees, costs, and statutory damages in favor of Jason Pierce, as personal representative of the Estate of Mary Clomer Pierce (the estate). We reverse and remand the case for further proceedings.

The following facts are not disputed. Mary Clomer Pierce (decedent) died on June 20, 2006, leaving her residence as the principal asset of her estate. She was survived by her children, including the daughter, a grandson who is the personal representative, and a granddaughter.

In a 1997 will, the decedent left her estate to her husband, and if he did not survive her, to her grandson and granddaughter. The 1997 will expressly disinherited the decedent's children. Decedent's husband died in 1998. Decedent then executed a 2002 will, in which she left her estate to her attorney and to his children if he did not survive her.

The daughter contested both wills, claiming that the decedent died intestate and thus she was entitled to an intestate share of the estate. While the matter was pending in the trial court, the daughter filed a notice of lis pendens against the residence.

On May 21, 2007, the probate court, concluding that the decedent lacked the requisite testamentary capacity and that the second will resulted from undue influence, denied probate of that will. The probate court then admitted a copy of the first will to probate pursuant to section 15–12–402(3), C.R.S.2007, overruled the daughter's objections to the first will, and appointed the grandson personal representative of the estate.

The daughter appealed the probate court's order to this court where it is now pending disposition. Shortly thereafter, on May 29, 2007, the daughter filed a second notice of lis pendens under the caption of this court.

The estate then filed a petition for the removal of the notices of lis pendens as spurious liens pursuant to C.R.C.P. 105.1 and the spurious lien statute. The petition was assigned to a different division of the district court (the trial court). The trial court, rejecting the daughter's arguments to the contrary, concluded that it had subject matter jurisdiction pursuant to C.R.C.P. 105.1(a); that the two notices of lis pendens were spurious liens or documents to which the spurious lien statute applied; that even if the notices of lis pendens were valid, it should invalidate them using its inherent equitable powers; and that the estate was entitled to an award of attorney fees and costs pursuant to C.R.C.P. 105.1(d) and a statutory damages award pursuant to section 38–35–109(3), C.R.S.2007. This appeal followed.

I.

 After filing a pleading in an action wherein relief is claimed affecting the title to real property, any party to the action may record a notice of lis pendens against the real property in the county in which the real property is situated. § 38–35–110(1), C.R.S. 2007. The notice of lis pendens is intended to provide notice of pending litigation to anyone interested in acquiring an interest in the subject property. *Hewitt v. Rice*, 154 P.3d

408, 412 (Colo.2007). A lis pendens notice effectively renders title unmarketable and prevents its transfer until the litigation is resolved or the notice is expunged. *Kerns v. Kerns,* 53 P.3d 1157, 1164 n. 6 (Colo.2002).

In general, a notice of lis pendens automatically expires forty-five days after the entry of final judgment in the underlying action. § 38–35–110(2), C.R.S.2007. However, if a timely appeal is filed, the notice of lis pendens shall remain in effect until it expires for reasons not pertinent here or until the "court having jurisdiction over the action enters an order determining that the notice of lis pendens is no longer in effect." § 38–35–110(2)(c)(II), C.R.S.2007.

However, if a notice of lis pendens is spurious, a person whose real property is affected by it may petition the district court in the county in which the notice was filed or the federal district court in Colorado for an order to show cause why the document should not be declared invalid. § 38–35–204(1), C.R.S.2007. Our rules of civil procedure state similarly with specific regard to spurious liens or documents:

> Any person whose real or personal property is affected by a spurious lien or spurious document, as defined by law, may file a petition in the district court in the county in which the lien or document was recorded or filed, or in the district court for the county in which affected real property is located, for an order to show cause why the lien or document should not be declared invalid. The petition, which may also be brought as a counterclaim or a cross-claim in a pending action, shall set forth a concise statement of the facts upon which the petition is based....

C.R.C.P. 105.1(a).

## II.

The daughter contends that the spurious lien statute does not apply to notices of lis pendens because the statute exempts liens provided for by a specific Colorado statute and section 38–35–110(1) is a specific Colorado statute that provides for notices of lis pendens. While we agree that a notice of lis pendens is not a lien within the meaning of

the spurious lien statute, it can be a spurious document. Therefore, we disagree.

The definition of "spurious lien" under the spurious lien statute excludes a lien or claim of lien that is "provided for by a specific Colorado or federal statute or by a specific ordinance or charter of a home rule municipality." § 38–35–201(4)(a), C.R.S.2007. A division of this court has held that the spurious lien statute does not apply to mechanic's liens because they are provided for by a specific Colorado statute and because a mechanic's lien cannot be a spurious document. *Tuscany, LLC v. Western States Excavating Pipe & Boring, LLC,* 128 P.3d 274, 278 (Colo. App.2005).

■ However, a notice of lis pendens is not a lien. *Hewitt,* 154 P.3d at 412. It does not encumber property, but merely informs third parties that litigation is pending that could affect title to the property. Therefore, a notice of lis pendens cannot be a spurious lien. However, that does not end the discussion.

■ A notice of lis pendens is subject to analysis as a spurious document, which includes "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid." § 38–35–201(3), C.R.S.2007. Therefore, because a notice of lis pendens can be a spurious document, it falls under the spurious lien statute.

## III.

■ The daughter next contends that the trial court lacked subject matter jurisdiction over the estate's petition. We disagree.

■ A court's subject matter jurisdiction is an issue that may be raised at any time. *Skyland Metro. Dist. v. Mountain W. Enter., LLC,* 184 P.3d 106, 115 (Colo.App.2007). We review de novo a trial court's determination of its subject matter jurisdiction. *Colo. Ins. Guar. Ass'n v. Menor,* 166 P.3d 205, 209 (Colo.App.2007). We also review de novo a trial court's interpretations of statutes and rules of civil procedure. *Isis Litigation, L.L.C. v. Svensk Filmindustri,* 170 P.3d 742, 744 (Colo.App.2007).

With the exception of the Probate Court of the City and County of Denver, probate jurisdiction is vested in the district court. *See* Colo. Const. art. VI, § 1 (vestment of judicial power); Colo. Const. art. VI, § 14 (jurisdiction of Denver probate court); Colo. Const. art. VI, § 9(1) (jurisdiction of the district court). Further, district courts are "trial courts of record with *general jurisdiction*," Colo. Const. art. VI, § 9(1) (emphasis added); and the jurisdiction of the county courts does not extend to disputes concerning "boundaries and title to real property." Colo. Const. art VI, § 17.

For reasons of efficiency, administration and convenience, many courts assign case types, such as probate, juvenile, criminal, or civil matters, to divisions of the court. The assignment of certain categories of cases to different divisions of the court does not implicate the jurisdiction of the court or the authority of the judges to hear any matter within the court's jurisdiction.

The daughter, relying on section 38–35–110(2)(c)(II), urges us to reach the contrary conclusion. That statute, in pertinent part, states:

> (c) If a timely notice of appeal is filed while a notice of lis pendens is in effect or if the notice of lis pendens is filed after an appeal is filed,
>
> such notice of lis pendens shall remain in effect until the earliest of the following:
>
> . . . .
>
> (II) The *court having jurisdiction over the action* enters an order determining that the notice of lis pendens is no longer in effect. . . .

(Emphasis added.)

The argument is that the probate division of the district court of the Eighth Judicial District had exclusive jurisdiction over the matter and thus over the determination of the validity of the notices of lis pendens. While it is true that assignment of this case to the judge presiding over the underlying probate matter, which was suggested in the trial court, might have been more efficient or preferred, it is not a jurisdictional question, or, for that matter, a venue question. Further, we decline to read the phrase "[t]he

court having jurisdiction over the action," to mean the judge hearing the underlying action.

Accordingly, the trial court had subject matter jurisdiction over the estate's petition.

## IV.

The attorneys contend that the trial court erred in concluding that their notices of lis pendens were spurious when the daughter had a legitimate claim to an interest in the decedent's property. We agree.

After a hearing on the estate's petition, the trial court concluded that ownership of the property was not at issue in the underlying will contest and that the daughter had no interest in the property. The trial court also found that the daughter's likelihood of success on appeal in the will contest was far too speculative to support a claim affecting title to the estate property. The trial court then concluded that the notices of lis pendens were spurious and awarded attorney fees, costs, and statutory damages to the estate.

■ Whether a trial court has applied the correct legal standard in making its findings is a question of law that we review de novo. *In Interest of C.T.G.*, 179 P.3d 213, 221 (Colo. App.2007).

■ A spurious document is one "for which a proponent can advance no rational argument based on evidence or the law to support the claim." *Westar Holdings Partnership v. Reece*, 991 P.2d 328, 330 (Colo. App.1999).

■ As discussed above, any party to an action wherein relief is claimed affecting the title to real property may record a notice of lis pendens against the property. § 38–35–110(1). A notice of lis pendens is appropriate when the underlying claim relates to a right of possession, use, or enjoyment of real property. *Hewitt*, 154 P.3d at 412 (citing *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo.App. 1994)).

■■ The policy underlying a notice of lis pendens is to prevent a proceeding involving real property rights from being thwarted

by transfers of property interests to persons not bound by the outcome of the proceeding. *Alien, Inc. v. Futterman,* 924 P.2d 1063, 1070 (Colo.App.1995). The lis pendens statute is to be construed broadly, especially with respect to the term "affecting the title to real property," so as to further the policy behind the statute. *Kerns,* 53 P.3d at 1163–64. "Thus, even litigation that does not seek to change ownership in any way but does 'involve a determination of certain rights [and liabilities] incident to ownership' falls within the purview of the statute." *Id.* at 1164 (quoting *Hammersley v. Dist. Court,* 199 Colo. 442, 446, 610 P.2d 94, 96 (1980)). In *Kerns,* our supreme court held that even though a demand for a constructive trust did not create an interest in real property, it could ultimately change legal title and therefore the associated lis pendens notice was valid. *Id.* at 1165. Similarly, even when a dispute does not seek to change ownership in any way but involves a determination of rights incident to ownership, a lis pendens notice is appropriate. *See Hammersley,* 199 Colo. at 445–46, 610 P.2d at 96–97. In *Hammersley,* a lawsuit to enforce building requirements set forth in restrictive covenants was sufficient justification for a notice of lis pendens even though title to the property was not at issue. *Id.*

█ A will contest may involve a claim related to possession, use, or enjoyment of real property. Upon a person's death, that person's real and personal property devolves to that person's devisees by will or, in the absence of a valid will, to that person's heirs. § 15–12–101, C.R.S.2007. The legal title to estate property vests in the heirs or devisees upon the death of the decedent. *Collins v. Scott,* 943 P.2d 20, 22 (Colo.App.1996). Under Colorado's rules of intestacy, a daughter would be granted a share of a decedent's estate as an heir. *See* §§ 15–11–103 to –106, C.R.S.2007.

Here, the attorneys argued in the probate court and on direct appeal that the decedent died without a valid will and thus upon her death her property passed to her children, including the daughter, through intestacy. This claim is valid under the intestacy laws of Colorado and could ultimately affect an inter-

est in the decedent's property. Although the daughter did not directly seek a disposition of estate property in her favor and the trial court did not directly dispose of the estate property, her objection to the will could ultimately affect estate property interests, and thus interested third parties should be notified of this litigation by a notice of lis pendens. Therefore, the trial court erred in finding that the first notice of lis pendens was spurious.

█ Next, the trial court, after noting that the attorneys presented no evidence that they would succeed on appeal, concluded that the daughter's chance of succeeding on appeal was too speculative to support a claim affecting title to the decedent's property. We conclude that the standard used by the trial court is too narrow. A spurious document is one for which the proponent can offer *no* rational legal or factual support. The attorneys argued on appeal of the probate matter that the probate court erred in admitting the first will to probate and that the daughter was entitled to an interest in the property. This appears to be a rational argument having both a factual and legal basis. The estate has not provided, and we have not found, any law that requires a showing of a likelihood of success at trial or on appeal to rebuff a challenge to a lis pendens notice. Indeed, section 38–35–110(2)(c) contemplates the extension of a notice of lis pendens when the underlying judgment is appealed, and if we are to interpret the lis pendens statute broadly, we must conclude that the daughter had a continuing claim to an interest in the decedent's property that rendered the second notice of lis pendens not spurious.

█ The estate argues, without supporting authority, that notices of lis pendens are inappropriate in will contests because they have not been previously authorized by Colorado courts. This is a question of first impression in Colorado.

As discussed above, we conclude that the daughter's claims in the underlying will contest were sufficient to justify a notice of lis pendens. In addition, our research has disclosed that other jurisdictions which have

addressed the question agree that the use of notices of lis pendens in will contests is appropriate. *See Maltaman v. State Bar*, 43 Cal.3d 924, 239 Cal.Rptr. 687, 741 P.2d 185, 200–01 (1987); *Greene v. McFarland*, 43 S.W.3d 258, 260 (Ky.2001).

The estate also argues that the attorneys failed to meet their burden in responding to the trial court's show cause order by not submitting documentary proof of any pleading wherein the daughter sought relief affecting title to the property. However, in its petition with attachments the estate adequately stated the basis and nature of the daughter's claim. The estate has not cited a case, statute, or rule, and we have found none, that requires a respondent to a show cause order to produce documentary evidence identical to that contained in the petition concerning facts which are undisputed. Thus, it was within the trial court's discretion to proceed to the merits of the estate's petition.

Therefore, we conclude that the trial court erred in concluding that the notices of lis pendens were spurious documents and in awarding attorney fees, costs, and damages to the estate.

The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge BERNARD and Judge KAPELKE *, concur.