24CA0777 Estate of Enderson 12-26-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0777
Weld County District Court No. 23PR264
Honorable Julie C. Hoskins, Judge

In the Matter of the Estate of Evelyn L. Enderson, deceased.

Keith Enderson,

Appellant,

v.

Larry Enderson and Carolyn Ragsdale,

Appellees.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Grove and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

Keith Enderson, Pro Se

No Appearance for Appellees

¶ 1    In this probate case, Keith Enderson, an alleged heir to the Evelyn L. Enderson estate, appeals the district court's order finding that he was not a beneficiary of the estate and, therefore, lacked standing to object to the co-personal representatives' administration of the Herman Enderson estate, which contained a disputed parcel of property that passed from Evelyn's estate. We affirm.

## I.    Background

¶ 2    Herman E. Enderson and Evelyn L. Enderson were husband and wife. On July 10, 2000, by a warranty deed that was recorded on July 14, 2000, Daniel K. Fix and Barbara J. Fix conveyed to Herman[1] and Evelyn the property located in Yuma County that is at the heart of Keith's dispute. We will refer to this land as the Subject Property.

¶ 3    Herman and Evelyn owned the Subject Property in equal shares as tenants in common.

¶ 4    On January 31, 2009, Evelyn died testate. Her last will and testament, dated September 4, 1984, provided:

---

[1] We refer to members of the Enderson family by their first name because they share the same last name. In doing so, we mean no disrespect.

1

> *I devise all my residuary estate, being all property,* wherever situated, in which I may have any interest at the time of my death not otherwise effectively disposed of by my will or codicil, *to my husband Herman E. Enderson, if he survives me.*
>
> If my husband does not survive me, I devise all of my said estate and property to my children, namely: Carolyn A. Ragsdale, Larry Enderson, Peggy Sorenson, and Keith Enderson, in equal shares; provided, however, that if any of them does not survive me, the share of such deceased child shall be distributed to his or her living issue, by representation, and if none, to my then living issue, by representation.

(Emphasis added.)

¶ 5 The will named Larry and Ragsdale as co-personal representatives.

¶ 6 On February 2, 2013, Herman died testate. On February 12, 2013, Herman's last will and testament was admitted to probate and Larry Enderson was appointed as personal representative of the estate.

¶ 7 On January 27, 2020, during the administration of Herman's estate, the beneficiaries engaged in a settlement conference that resulted in a Memorandum of Understanding (MOU). While the

2

MOU did not expressly address the Subject Property, it contained a default provision (Paragraph I.o.) that states:

> The remaining assets can be distributed as agreed upon by Larry Enderson, Peggy Sorensen, and Carolyn Ragsdale. Keith, Larry, Peggy, and Carolyn shall all execute a release of any and all claims, known or unknown, direct or indirect, against the Estate and/or against each other.

¶ 8 Pursuant to the MOU, Larry, Sorensen, and Ragsdale agreed that the surface interests in the Subject Property should be conveyed to Sorensen and Ragsdale in equal parts.

¶ 9 On October 16, 2023, Ragsdale and Larry, as co-personal representatives of Evelyn's estate, executed a co-personal representatives' deed that conveyed the surface interest in the Subject Property to Sorensen, Kenneth Albert Ragsdale, and Ragsdale. The deed was recorded on October 30, 2023.

¶ 10 Keith objected to the co-personal representatives' deed and claimed that the conveyance of the Subject Property contradicted Evelyn's last will and testament, which required the estate property to be divided in equal shares and given to Ragsdale, Larry, Sorensen, and Keith. He reasoned that because his parents held

3

the Subject Property as tenants in common (as opposed to joint tenancy), Evelyn's half-portion passed to her estate when she died and thus, to the beneficiaries of her estate (of which he was one) rather than to Herman.

¶ 11    The district court denied Keith's objection based on a lack of standing. Relying on the language of Evelyn's Last Will and Testament, which provided that *all* of her assets passed to her surviving spouse, Herman, the district court also found that Keith had no legal grounds for objecting to the co-personal representatives' actions because Herman was the sole beneficiary of Evelyn's estate since he survived her death.

## II.    Standing

¶ 12    Keith contends the district court erroneously determined he lacked standing to object to the co-representatives' deed. Even assuming the court erred in its standing determination, we conclude that he is not a beneficiary of Evelyn's estate and therefore affirm the court's order.

### A.    Standard of Review and Applicable Law

¶ 13    Standing is a threshold issue that must be satisfied to decide the case on the merits. *HealthONE v. Rodriguez,* 50 P.3d 879, 892

(Colo. 2002). Because standing is a jurisdictional matter, we review the district court's determination de novo. *Friends of the Black Forest Reg'l Park, Inc. v. Bd. of Cnty. Comm'rs*, 80 P.3d 871, 876-77 (Colo. App. 2003).

¶ 14   In a probate proceeding, a party must be an "interested person" to have standing to contest a will or initiate formal proceedings. § 15-10-201(21), (27), C.R.S. 2024; *see also In re Estate of Little*, 2018 COA 169, ¶ 38. An interested person

> includes heirs, devisees, children, spouses, creditors, beneficiaries, trust directors, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person, which may be affected by the proceeding. It also includes persons having priority for an appointment as a personal representative and other fiduciaries representing the interested person. The meaning as it relates to particular persons may vary from time to time and is determined according to the particular purposes of, and matter involved in, any proceeding.

§ 15-10-201(27), C.R.S. 2024.

¶ 15   Upon the death of a person, his real and personal property devolves to the persons to whom it is devised by his last will and testament. § 15-12-101, C.R.S. 2024. "The legal title to estate

property vests in the heirs or devisees upon the death of the decedent." *Pierce v. Francis*, 194 P.3d 505, 510 (Colo. App. 2008).

## B.    Analysis

¶ 16    We begin by noting that Keith is Evelyn's child and might be an "interested person" under section 15-10-201(27). However, even if we assume the court erred in its standing determination, we discern no error in the court's ruling because it is consistent with the language of Evelyn's Last Will and Testament. That document provides that upon Evelyn's death, all of her assets, including her one-half interest in the Subject Property, passed to her surviving spouse, Herman. *See* § 15-12-101. Moreover, under Evelyn's will, Keith could only become a beneficiary of her estate if Herman predeceased her. However, because Herman survived Evelyn, Keith never became a beneficiary of the estate and had no legal interest in the Subject Property at the time of Evelyn's death. Instead, at Evelyn's death, legal title to the Subject Property vested in Herman, *Pierce*, 194 P.3d at 510, so the Subject Property became part of Herman's estate when he died. Thus, Larry, Sorensen, and

6

Ragsdale have authority to convey the Subject Property as they see fit under Paragraph I.o. of the MOU.

¶ 17     Accordingly, even if the court erred in finding that Keith lacked standing, we discern no error in its order finding that no legal grounds existed for him to object to the conveyance of the Subject Property as part of the administration of Herman's estate.

### III.   Disposition

¶ 18     The order is affirmed.

JUDGE GROVE and JUDGE LUM concur.